**DALHO CORPORATION & United Parcel Service, Inc., Relators,**

v.

**Honorable Solomon CASSEB, Judge Presiding, Respondent.**

**No. 04–87–00678–CV.**

Court of Appeals of Texas, San Antonio.

March 16, 1988.

Mike M. Tabor, Kervyn B. Altaffer, Jr., Clark, West, Keller, Butler & Ellis, Dallas, John W. Davidson, Rand Riklin, Elizabeth Lindell, Sawtelle, Goode, Davidson & Troilo, San Antonio, for relators.

John S. Torigian, Craig E. Power, Krell & Torigian, Houston, R. Laurence Macon, Cox & Smith, San Antonio, for respondent.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

CADENA, Chief Justice.

Relators, Dalho Corporation and United Parcel Service, Inc., seek a writ of mandamus ordering respondent, Honorable Solomon Casseb, Judge Presiding, 288th Judi-

cial District Court, Bexar County, to rescind his order denying relators' plea in abatement in cause no. 87–CI–12712, styled *Tribble & Stephens v. Dalho Corporation and United Parcel Service, Inc.;* to grant such plea in abatement; and to dismiss the case filed by Tribble & Stephens Co., the real party interest in this mandamus proceeding.

The plea in abatement was based on the pendency of another suit previously filed by relators on July 6, 1987 in the 116th Judicial District Court, Dallas County, being cause no. 87–8749–F, styled *United Parcel Service, Inc. and Dalho Corporation v. Tribble & Stephens Co.* The Bexar suit was filed on July 15, 1987.

On July 31, 1987, Tribble & Stephens filed its original answer and a motion to transfer venue to Bexar County in the Dallas court. This motion was overruled by the Dallas court on October 5, 1987.

Meanwhile, relators had filed a motion to transfer venue, and a plea in abatement in the Bexar suit on September 18, 1987. In their plea in abatement, relators alleged that because of the prior filing of the Dallas suit the 116th District Court of Dallas County had acquired dominant jurisdiction of the controversy between the parties and that the Bexar suit should be abated or dismissed. On October 6, 1987, respondent, sitting as judge of the 288th Judicial District Court of Bexar County, denied relators' plea in abatement and on December 9, 1987, relators' motion to transfer venue was denied.

Relators support their argument that we may issue a writ of mandamus in this case by referring us to the decision in *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974). Tribble & Stephens, relying on *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985), contend that we are without jurisdiction to issue the writ of mandamus because relators have an adequate remedy at law.

Although the facts in this case are distinguishable from those summarized in the *Abor* opinion, they are also different from those involved in *Curtis.* Because of the manner in which *Abor* limited *Curtis,* we believe that *Abor* controls the disposition of this case and we deny the application for writ of mandamus.

In *Curtis,* a district court in Bowie County, as part of a divorce decree, awarded custody of the children to the mother, but the decree provided that she was not to remove the children from Bowie and an adjacent county without permission of the court. At the time of the divorce, in 1971, the children and the parents lived in Bowie.

On January 18, 1974, the father filed a petition for change of custody in Bowie, and about one month later the mother filed suit in Dallas County to remove the limitations on her custody. The Bowie court issued a writ of attachment ordering that the children, who were in Dallas with the mother, be returned to Bowie. The Dallas court then enjoined the execution of the writ of attachment and the father applied to the Supreme Court for writs of mandamus and prohibition directing the judge of the Dallas court to abate the Dallas suit and to vacate its orders interfering with the Bowie proceeding. He then filed a plea in abatement in the Dallas court, which overruled such plea. The Supreme Court held that the Bowie court had first acquired jurisdiction and retained dominant jurisdiction to the exclusion of other courts, so that the Dallas court had no right to interfere with the action or orders of the Bowie court. The Supreme Court directed the Dallas court to take no further action in the suit filed by the mother except to dismiss it and to vacate all orders which interfered with the exercise of jurisdiction by the Bowie court.

Chief Justice Greenhill said that the common law rule is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of coordinate courts and that any subsequent suit involving the same parties and the same controversy must be dismissed if the pendency of the first suit is called to the attention of the second court. The Chief Justice added: "If the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus ... to settle

the conflict of jurisdiction." *Curtis*, 511 S.W.2d at 267.

The broad language of Chief Justice Greenhill would clearly support the conclusion that we have the power to issue the writ of mandamus in this case, since it unequivocally authorizes issuance of the writ when 1) a proper plea in abatement is filed calling the second court's attention to the pendency of the prior suit, or 2) when the court in which the second suit was filed seeks to interfere with the dominant jurisdiction of the court in which the first suit was filed.

However, in *Abor*, Justice Spears said that the basis for issuance of the writ of mandamus in *Curtis* was the fact that "one of the courts had enjoined the other court from proceeding." The language of Chief Justice Greenhill telling us that the second suit must be dismissed if the pendency of the first suit is called to the attention of the second court was effectively excised from the *Curtis* opinion by the Supreme Court in *Abor*, although the deletion was accompanied by the observation that the opinion by Chief Justice Greenhill "could have been more precise." *Abor*, 695 S.W. 2d at 567.

*Abor* is not the typical case of a plea in abatement based on the pendency of another action. In the typical case, as here, the plea in abatement is filed in the second court, and the dominant jurisdiction is in the first court. In *Abor* the plea in abatement was filed in the court which first obtained jurisdiction of the controversy, and the application for mandamus could have been denied simply on the ground that the first court properly refused to give up its dominant jurisdiction. But the Supreme Court in *Abor* apparently had another purpose in mind. Although it held that it had no jurisdiction to issue the writ because relator had an adequate remedy by appeal, the Supreme Court went beyond this simple dispositive holding and advised the respondent that "should a plea in abatement be refiled," he should sustain the plea and dismiss the suit which was first filed, yielding jurisdiction to the court in which the

subsequent suit was filed. *Abor*, 695 S.W. 2d at 567.

The *Abor* opinion does make it clear that this Court has no jurisdiction to issue a writ of mandamus to correct an incidental ruling of a trial court, such as a ruling on a plea in abatement, because the aggrieved party has an adequate remedy by appeal. 695 S.W.2d at 566, 567. This Court reached the same conclusion in *McMullen v. Yates*, 697 S.W.2d 500 (Tex.App.—San Antonio 1985, no writ).

The application for writ of mandamus is denied.