**Jim CLAWSON, Jr., Relator,**

**v.**

**The Honorable Lisa MILLARD, Judge of the 310th District Court of Harris County, Texas, Respondent.**

**No. 01–96–01182–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 5, 1996.

David W. Holman, Bill De La Garza, Houston, for Relator.

S.C. Childress, Houston, for Respondent.

Before SCHNEIDER, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

In this original proceeding, we must settle a jurisdictional dispute between the 310th District Court of Harris County (the Houston court) and County Court Number One of Galveston County (the Galveston court). The dispute arises in the context of a divorce action between the relator, Jim Clawson, Jr. (Husband), and the real-party-in-interest, Lisa Clawson (Wife). Also involved is a custody determination regarding the parties' minor son. Because we hold the Galveston court has dominant jurisdiction, we conditionally issue a writ of mandamus against the Houston court.

Husband and Wife were married on April 29, 1989, and separated in October, 1995. Before their separation, the couple resided in Galveston County. They have a six-year-old son, Tres. The following time line of events is relevant to the disposition of this case.

February 2, 1996. Wife files for divorce in the Houston court.

June 18, 1996. Husband files for divorce in the Galveston court.

June 21, 1996. Husband has citation issued in Galveston action.

June 22, 1996. Wife is served with citation in the Galveston action.

June 24, 1996. Husband is served with citation in the Houston action.

July 9, 1996. Husband files plea in abatement in Houston court.

July 11, 1996. Wife files plea in abatement in Galveston court.

July 30, 1996. Galveston court associate judge denies Wife's plea in abatement.

August 26, 1996. On appeal, Galveston court judge denies Wife's plea in abatement.

August 26, 1996. Houston court sets case for trial on the merits on November 25, 1996.

August 27, 1996. Houston court denies Husband's plea in abatement.

September 17, 1996. Galveston court enters temporary orders regarding the custody of the minor child.

October 2, 1996. Houston court is scheduled to hold hearing on temporary orders regarding the custody of the minor child.

October 2, 1996. Husband files petition for writ of mandamus in this Court challenging the Houston court's denial of his plea in abatement. He also seeks an emergency stay of the Houston court proceedings.

October 2, 1996. This Court grants Husband leave to file his petition for writ of mandamus and issues an emergency stay to prevent the Houston court from taking any further action pending disposition of this mandamus.

■■■ The general rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926); *4M Linen & Uniform Supply Co. v. W.P. Ballard & Co.*, 793 S.W.2d 320, 322 (Tex.App.— Houston [1st Dist.] 1990, writ denied). Generally, a later suit involving the same parties and same issues must be dismissed if a party to that suit calls the second court's attention to the pendency of the earlier suit by a plea in abatement. *Curtis*, 511 S.W.2d at 267.

■■■ However, the mere physical filing of the petition is insufficient to deprive a court in which the same suit is subsequently filed of active jurisdiction. *Howell v. Mauzy*, 899 S.W.2d 690, 698 (Tex.App.—Austin 1994, writ denied). There are at least three exceptions to the rule requiring mandatory abate-

ment by the second court. *Id.; Hartley v. Coker,* 843 S.W.2d 743, 747 (Tex.App.—Corpus Christi 1992, no writ.). The first court will not have dominant jurisdiction if it is established that: (1) the party seeking abatement is estopped from asserting the first court's jurisdiction; (2) all persons cannot be joined in the first court, or the first court does not have the power to bring such parties before the court; or (3) the parties in the first court lack intent to prosecute that action. *Wyatt v. Shaw Plumbing,* 760 S.W.2d 245, 248 (Tex.1988). If, upon hearing a plea in abatement, the second court finds that any of these exceptions apply, it may assume dominant jurisdiction. *Howell,* 899 S.W.2d at 698; *Hartley,* 843 S.W.2d at 747.

In *4M Linen,* this Court addressed the issue of when the court in which a second suit is filed may assume dominant jurisdiction.

> Estoppel is a fact issue that must be determined by the trial court where the plea in abatement is filed. If a defendant files a plea in abatement in the second trial court, and the second court resolves the fact issue against the proponent of the plea, the second court becomes vested with dominant jurisdiction. That ruling postpones the action in the first court until the second court finally disposes of the case.

*4M Linen,* 793 S.W.2d at 322 (citations omitted).

■ In the present case, Husband asserted in the second court (Galveston) that even though Wife filed for divorce in Houston first, the Galveston court had dominant jurisdiction because exceptions to the general rule of dominant jurisdiction applied. Husband claimed that Wife was estopped from relying on the fact that she filed first in Harris County because she waited four and one-half months to have Husband served with citation in the Houston suit, and that by the time Husband was served, he had already filed for divorce in Galveston and had previously served Wife with citation. The Galveston court considered the pleadings and arguments and ruled in favor of Husband, thereby assuming dominant jurisdiction. Dominant jurisdiction remains in the Galveston court until the Galveston court ruling is set aside. *Curtis,* 511 S.W.2d at 267; *Hartley,* 843 S.W.2d at 747; *4M Linen,* 793 S.W.2d at 322.

In the present proceeding, we are called upon to review the actions of the Houston court, not the Galveston court. Because the Galveston court ruling has not been reversed, vacated, or set aside, dominant jurisdiction remains in the Galveston court. Therefore, the Houston court abused its discretion by continuing to issue conflicting orders after the Galveston court overruled Wife's plea in abatement on August 26, 1996. Any orders entered by the Houston court from and after that date are null and void.

Accordingly, we conditionally issue a writ of mandamus against the Houston court. The Houston court shall abate Wife's action pending final disposition of Husband's action by the Galveston court. A writ of mandamus will issue only if the Houston court fails to do so.