**In re GUERRA & MOORE, L.L.P., et al.**

**No. 13–00–452–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 14, 2000.

Adam Poncio, Valerie Mawi, Law Office of Cerda & Poncio, San Antonio, Carlos L. Guerra, Dori Contreras Garza, McAllen, J. Michael Moore, Guerra & Moore, L.L.P., McAllen, for Relators.

Daniel G. Gurwitz, Atlas & Hall, McAllen, Keith C. Livesay, Pharr, Mark A. Cantu, Law Offices of Mark A. Cantu, McAllen, Craig S. Smith, Smith & Edwards, Corpus Christi, for Real Party In Interest.

Before: Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

On relators' motion to correct, the Court withdraws its opinion of November 9, 2000, to correct clerical errors. This is now the opinion of the Court.

Relators, Guerra & Moore, L.L.P., Carlos L. Guerra and J. Michael Moore (Guerra & Moore), seek a writ of mandamus from this Court directing respondent, Honorable Fernando Mancias, to rescind a temporary restraining order [1] that restricted disbursement of disputed attorneys fees, and to grant Guerra & Moore's plea in abatement based on the theory of dominant jurisdiction.[2] Alternately, Guerra & Moore requested we stay further proceedings in the trial court pending resolution of their request for mandamus relief. By supplemental motion for emergency temporary relief filed on July 18, 2000, Guerra & Moore informed this Court that on July 17, 2000, Judge Mancias had issued, *ex parte*, a writ of attachment transferring $891,000 from the Starr County District Clerk's office to the Hidalgo County Clerk's office. On July 18, 2000, this Court ordered the proceedings in Hidalgo County stayed, and requested a response. The matter was set for oral argument. Subsequently, by supplemental petition, Guerra & Moore requested that this Court also address, by way of mandamus, an *ex parte* order also entered by Judge Mancias on July 17, 2000, that released to the real party in interest, Mark Cantu, $891,000 from the Hidalgo County Clerk's office.

The following events are relevant:

1998    A multiple plaintiff personal injury lawsuit was filed in the 229th Judicial District Court of Starr County, Texas, as cause no. DC–98–94, styled *Rolando Rey Lopez, Individually, et. al. vs. Wal–Mart Stores, Inc., Lasko Metal Products, Inc.*

---

1. Although the order is titled a temporary restraining order, Guerra & Moore argue that it is a temporary injunction.

2. Mark Cantu, the real party in interest in this proceeding, filed a lawsuit in the 93rd Judicial District Court in Hidalgo County. Judge Mancias of that court signed an order on July 1, 2000, temporarily restraining Guerra & Moore from misapplying and/or dissipating settlement funds in a Starr County personal injury lawsuit. Cantu claimed that a portion of the funds were his attorneys fees and costs, based on agreements he had with relator Michael Moore. This order expired on July 7, 2000. On that day, the Honorable Noe Gon-

zalez of the 370th Judicial District Court signed a second temporary restraining order that continued to restrain Guerra & Moore from use or transfer of the funds, and denied abatement. Guerra & Moore complain of both orders, thus, Judge Mancias and Judge Gonzalez, are both named as respondents in this mandamus proceeding. However, Guerra & Moore also complain of a subsequent order and a writ of attachment entered by Judge Mancias. To avoid confusion, we will reference only one respondent in this opinion, Judge Mancias, the presiding judge of the 93rd Judicial District Court in Hidalgo County.

5/15/98 Relator, Michael Moore, and real party-in-interest, Mark Cantu, among others, agreed to represent the injured parties and divide the 40% contingent attorneys fees paid by the clients.[3]

6/12/00 Settlement was reached in the *Lopez* suit and, pursuant to a Starr County Court order, settlement monies were placed in the Lopez–Aguilera–Medina–Correa Qualified Settlement Fund.

6/16/00 Guerra & Moore filed a motion in Starr County for partial distribution of attorneys fees, and reimbursement of costs and client advances from the qualified settlement fund, alleging that a dispute had arisen as to whether Cantu was owed any fees whatsoever in the *Lopez* lawsuit.

6/16/00 The Starr County Court issued an *ex parte* order that ordered partial distribution of monies from the qualified settlement fund in the amount of $1,399,128.80, to Guerra & Moore for Guerra & Moore's attorneys fees, and for reimbursement of costs and client advances. The court also ordered settlement funds in the amount of $1,122,339.20 allegedly owed to Cantu for fees ($891,000), costs ($218,102.80), and client advances ($13,236.49), to be paid into the registry of the 229th Judicial District Court of Starr County, Texas.

6/19/00 Guerra & Moore filed a petition in interpleader/intervention in the Starr County lawsuit against Cantu for equitable recission and alternatively, for breach of contract, contract in violation of public policy, tortious interference with contractual relations and defamation.

6/26/00 Cantu filed a motion in Starr County requesting that the court grant his motion to withdraw funds from the registry of the court for his attorneys fees, and to reimburse his costs and client advances.

6/27/00 Cantu filed a motion in Starr County to dismiss the interpleader and to strike the intervention actions.

6/29/00 The Starr County Court ordered a portion of the funds that had been placed in the court's registry representing costs of $281,102.80 and client advances of $13,236.49, to be paid to Cantu. There remained a balance of $891,000, the amount Cantu claimed as attorneys fees, in the court's registry.

6/30/00 Cantu filed a lawsuit in the 93rd Judicial District Court of Hidalgo County, Texas, suing Guerra & Moore for breach of fiduciary duties, misapplication of fiduciary property, conversion, fraud, tortuous interference with an economic relationship, and breach of contract arising out of alleged contractual agreements with Guerra & Moore.

7/1/00 Cantu filed a petition in Hidalgo County for temporary restraining orders and a temporary injunction seeking relief prohibiting Guerra & Moore from misapplying monies in the amount of $891,000 to which Cantu claimed he had a contractual and equitable right.[4]

7/1/00 Respondent, Hidalgo County Judge Mancias, entered an *ex parte* temporary restraining order restrain-

---

**3.** It is this agreement or a series of agreements that form the basis of the intervention/interpleader action filed by Guerra & Moore in Starr County and the lawsuit filed by Cantu in Hidalgo County.

**4.** In Cantu's petition and the Hidalgo County Court's restraining orders, Cantu and the court reference "Defendants Moore, Guerra, and Guerra and Moore L.L.P., trust account # 51046345 in the Texas State Bank," as the location of the $891,000 about which he complains. All other references in the record, however, establish that the $891,000 in question was placed in the registry of the 229th Judicial District Court in Starr County, not in Guerra & Moore's trust account.

ing Guerra & Moore from misapplying the $891,000.

7/6/00 Guerra & Moore filed their motion to abate and response to the petition for temporary restraining orders and temporary injunction in Hidalgo County, on the basis of dominant jurisdiction in Starr County. Guerra & Moore also filed a motion to dissolve the temporary restraining order of 7/1/00.

7/7/00 Respondent, Hidalgo County Judge Gonzalez, denied Guerra & Moore's motion to abate, and signed a second temporary restraining order again restraining Guerra & Moore from misapplying the $891,000 and setting the trial on the merits for September 5, 2000.

7/14/00 Guerra & Moore filed their petition for writ of mandamus and their first motion for emergency temporary relief with this Court.

7/17/00 Cantu filed (1) an application for writ(s) of attachment, and (2) an emergency motion to withdraw funds from the registry of the court. The application and motion were presented *ex parte* to respondent, Hidalgo County Judge Mancias.

7/17/00 Respondent, Judge Mancias, entered the following: (1) a writ of attachment ordering the Starr County District Clerk to transfer $891,000 from that registry to the Hidalgo County District Clerk; and (2) an order allowing Cantu to withdraw $891,000 from the Hidalgo County registry.

7/18/00 Guerra & Moore filed a supplemental motion for emergency temporary relief from the writ of attachment entered in Hidalgo County.[5]

7/18/00 This Court issued an order staying the July 17, 2000 writ of attachment, as well as all further proceedings in the trial court in Hidalgo County pending further orders of this Court.

7/26/00 Guerra & Moore filed a motion for leave to file and supplemental petition for writ of mandamus, seeking relief from the writ of attachment and the order of withdrawal of funds issued in Hidalgo County by respondent, Judge Mancias, on July 17, 2000. The motion was granted.

7/27/00 Cantu filed his response to Guerra & Moore's motion for leave to file and supplemental petition for writ of mandamus.

7/28/00 Cantu filed his response to Guerra & Moore's petition for writ of mandamus.

■■■ Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion when it does not follow guiding rules and principles and reaches an arbitrary and unreasonable decision. *See Republic Royalty Co. v. Evins,* 931 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996) (orig.proceeding); *Excel Corp. v. Valdez,* 921 S.W.2d 444, 448 (Tex.App.—Corpus Christi 1996) (orig.proceeding); *see also Walker,* 827 S.W.2d at 839. When one court directly interferes with the jurisdiction of another, mandamus becomes appropriate. *See In re McCall,* 967 S.W.2d 934, 938–39 (Tex. App.—Corpus Christi 1998) (orig.proceeding) (exception to general rule that denial of motion to abate subsequently filed lawsuit pending outcome of first filed lawsuit is not normally reviewable by mandamus was applied where failure to abate resulted in two courts taking directly conflicting positions); *Republic Royalty,* 931 S.W.2d at 341; *Flores v. Peschel,* 927 S.W.2d 209,

---

5. Apparently, at the time emergency relief was sought, Guerra & Moore were not aware of the second order signed by Judge Mancias that allowed Cantu to withdraw the funds at issue.

211 (Tex.App.—Corpus Christi 1996) (orig.proceeding).

■ Guerra & Moore assert that mandamus relief is proper because there are competing orders in this case. Cantu argues that an appeal, not a mandamus, is the appropriate and adequate remedy in this case. He contends that because the Hidalgo County Court made an incidental ruling, the denial of Guerra & Moore's plea in abatement, an appeal is the proper vehicle for appellate review. *See Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985). Although Cantu correctly sets out a general proposition of law, we do not agree that this proposition applies under the facts of this case.

Cantu relies on the following cases to support his argument: *Abor,* 695 S.W.2d at 567; *Niemeyer v. Tana Oil & Gas Corp.,* 952 S.W.2d 941, 945 (Tex.App.— Austin 1997, no writ); *Coastal Oil & Gas Corp. v. Flores,* 908 S.W.2d 517, 518–19 (Tex.App.—San Antonio 1995) (orig.proceeding); *Owens v. Moore,* 778 S.W.2d 151, 152 (Tex.App.—Houston [1st Dist.] 1989) (orig.proceeding); and *Dalho Corp. v. Casseb,* 747 S.W.2d 512, 514 (Tex.App.— San Antonio 1988) (orig.proceeding).

In *Abor,* the supreme court first determined that the denial of the plea in abatement was an incidental ruling that could be remedied by appeal. *See Abor,* 695 S.W.2d at 567. The court distinguished its holding in *Abor* from its earlier decision in *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974),[6] noting:

> The distinction in *Curtis* is that one of the courts had enjoined the other court from proceeding. While the language of *Curtis* could have been more precise, we decline to grant mandamus relief here because there is no conflict of jurisdiction. No injunction has been granted in this case nor has any order which actively interferes with the exercise of juris-

diction in the Harris County District Court.

*Id.* at 567. The *Abor* Court concluded there was no conflict of jurisdiction under the facts of its case, and denied mandamus relief. *See id.*

In 1988, the San Antonio Fourth Court of Appeals, following *Abor,* concluded that because the denial of a plea in abatement was an incidental ruling and, because the aggrieved party had an adequate remedy by appeal, denial of the application for writ of mandamus was proper. *See Dalho,* 747 S.W.2d at 514. In *Dalho,* the court found its case distinguishable from both *Curtis* and *Abor. See id.* at 513. However, because of the manner in which *Abor* limited *Curtis,* the court believed that *Abor* controlled the disposition of the case. *See id.* The court discussed conflict of jurisdiction as set out in *Curtis,* but did not reference a conflict of jurisdiction under the facts of its case. *See id.* at 513–14.

Later, in *Coastal Oil,* the San Antonio Court reluctantly followed *Abor* by denying a petition for writ of mandamus filed in response to the trial court's denial of a plea in abatement. *See Coastal Oil,* 908 S.W.2d at 518. However, we conclude from our reading of the opinion that the court denied mandamus relief, not only because it was an incidental ruling that could be remedied on appeal, but also because there was no conflict of jurisdiction. *See id.*

The Houston Court of Appeals set out a similar analysis in *Owens. See Owens,* 778 S.W.2d at 152. The court explained that the record did not reflect that the second court that denied the plea to the jurisdiction had enjoined the first court in any way or had entered an order actively interfering with the jurisdiction of that court. *See id.* Accordingly, the First Court of Appeals denied Owens's motion for leave to file a petition for writ of mandamus, concluding that *Curtis* was not controlling.

---

6. In *Curtis,* the court held that if another court has dominant jurisdiction, the trial judge has a clear duty to abate the proceed-

ings and doing otherwise is an abuse of discretion and reversible. *See Curtis v. Gibbs,* 511 S.W.2d 263, 268 (Tex.1974).

The court held that the order overruling the plea to the jurisdiction was an incidental ruling; that Owens had not shown that an appeal was not an adequate remedy; and that the First Court lacked jurisdiction to issue a writ of mandamus. *See id.* at 153.

Cantu also cites *Niemeyer* for the proposition that an appeal is an adequate remedy when a plea in abatement is denied. However, the proposition of law for which *Niemeyer* is cited is taken out of context. Niemeyer filed his first lawsuit in Fayette County. *See Niemeyer,* 952 S.W.2d at 942. Tana and TECO filed a second lawsuit in Nueces County. *Id.* The Nueces County Court overruled Tana's and TECO's plea in abatement. *Id.* at 943. In doing so the Nueces County Court relied on one of the exceptions, that all necessary parties had not been joined in the first filed proceeding, to the general rule that the first court retains dominant jurisdiction. *See id.* Accordingly, the Nueces County Court in which the second suit was filed, declared itself the court of dominant jurisdiction. *See id.* This Court and the Texas Supreme Court denied Niemeyer's motion for leave to file a petition for writ of mandamus. *See id.* Niemeyer then filed an application for temporary injunction in the Fayette Court, asking it to enjoin appellees Tana and TECO from litigating their claim in Nueces County. *See id.* This application was denied by the Fayette Court, and Niemeyer appealed that denial to the Austin Court of Appeals. *See id.* at 942. The court of appeals was asked to address the issue of dominant jurisdiction as part of its review of the Fayette County Court's denial of appellant's application. *See id.* at 943. The court of appeals concluded that appellant had an adequate remedy by appeal from the denial of his temporary injunction, and had not demonstrated irreparable harm. *See id.* at 943.

Cantu also relies on *Clawson v. Millard,* 934 S.W.2d 899, 901 (Tex.App.—7 Houston [1st Dist.] 1996) (orig.proceeding), for the proposition that once a plea in abatement is ruled on, the court making the ruling acquires dominant jurisdiction. However, the facts of this case are distinguishable from the facts of the present case, and we conclude the case is not supportive of Cantu's arguments.

In *Clawson,* the wife filed for divorce in Harris County. *See id.* at 900. Four months later, her husband filed for divorce in Galveston County. *See id.* Two pleas to the jurisdiction were filed, the husband's in Harris County and the wife's in Galveston County. *See id.* In response to the wife's plea in Galveston, the husband argued that an exception to the general rule requiring mandatory abatement by the second court applied in his case. *See id.* at 901. He claimed that his wife was estopped from relying on the fact she filed first in Harris County because she waited four and one-half months to have her husband served, and by that time he had already filed for divorce in Galveston and served his wife with citation. *See id.* Based on the pleadings and the arguments, the Galveston Court denied the wife's plea and ruled in favor of the husband, thereby assuming dominant jurisdiction. *See id.* This order was not taken up for review. *See id.*

Although the court of appeals was not called upon to review the actions of the Galveston Court in assuming jurisdiction, it was called upon to review the actions of the Harris County Court in proceeding with its case. *See id.* In doing so, it reasoned that because the Galveston Court ruling had not been reversed, vacated, or set aside, dominant jurisdiction remained in the Galveston Court. *See id.* The court concluded the Harris County Court abused its discretion by continuing to issue conflicting orders after the Galveston Court overruled the wife's plea in abatement, and declared any orders entered by the Harris County Court from and after that date null and void. *See id.* The court of appeals conditionally issued a writ of mandamus against the Harris County Court and abated the wife's action pending

final disposition of the husband's action by the Galveston Court. *See id.*

The petition for writ of mandamus in *Clawson* challenged the rulings of the Harris County Court where the first suit was filed. The assumption of jurisdiction by the Galveston Court, the second court, was not challenged. Dominant jurisdiction correctly remained in the Galveston Court because its ruling regarding jurisdiction had not been reversed, vacated, or set aside. In the present case, however, the assumption of jurisdiction by the Hidalgo County Court, the second court, is being challenged. Therefore, the proposition of law set out in *Clawson*, that once a plea in abatement is ruled upon and goes unchallenged, the court making the ruling acquires dominant jurisdiction, does not apply in the present case.

Having analyzed Cantu's above cited authorities, we conclude they do not support his arguments. Rather, these authorities support Guerra & Moore's assertion that the Hidalgo County Court's denial of the plea in abatement is improper because the Hidalgo County Court actively interfered with the rulings of the Starr County Court.

■ The July 2000 orders and the writ of attachment issued by the Hidalgo County Court purport to divest the Starr County Court of jurisdiction over a case pending in the latter court. The Starr County Court had already issued orders asserting jurisdiction and power over the underlying question of attorneys fees. The Hidalgo County Court's denial of Guerra & Moore's plea in abatement shows its own assumption of authority to judge the propriety of the Starr County Court's order in a lawsuit still pending in Starr County. While it is true that "[q]uestions of dominant jurisdiction can generally be reviewed adequately by appeal when both courts

proceed with their separate actions without attempting to hinder the other court's jurisdiction," *see McCall,* 967 S.W.2d at 938 (citation omitted), in the present case, the Hidalgo County Court attempted to interfere with the Starr County Court's jurisdiction. Accordingly, we conclude that the orders and rulings of the two courts present a sufficient jurisdictional conflict to justify mandamus relief.

■ Having concluded Guerra & Moore's petition for mandamus relief is properly before this Court, we next consider whether Guerra & Moore's intervention is properly before the Starr County Court.

Cantu represents to this Court that an oral pronouncement of judgment had been rendered in Starr County prior to Guerra and Moore's action being filed. Cantu claims that because final judgment had been rendered, Guerra & Moore's intervention was untimely.

■ A rendition of judgment is the pronouncement by the trial court of its conclusions and decisions upon the matters submitted to it for adjudication; such conclusions and decisions may be oral or written, and judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed with the clerk. *See S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex. 1995). A motion to intervene must generally be made before oral judgment is rendered. *See Keim v. Anderson,* 943 S.W.2d 938, 943 (Tex.App.—El Paso 1997, no writ) (citing *Gaines v. Baldwin,* 629 S.W.2d 81, 82 (Tex.App.—Dallas 1981, no writ) (trial court did not err in denying maternal grandparents' motions to intervene and for new trial as untimely since they were filed six days after oral rendition official judgment awarding custody to father of child)).[7]

---

7. This rule has most often been applied when a petition in intervention has been filed following the entry of a signed written judgment. *See Keim,* 943 S.W.2d at 943. *See e.g., Citizens State Bank of Sealy, Texas v. Caney Inv.,* 746 S.W.2d 477, 478 (Tex.1988) (where peti-

tion in intervention was filed approximately one year after written judgment, trial court erred in allowing intervention); *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex. 1984) (court lacked authority to consider petition in intervention after court signed judg-

In support of his contention, Cantu directs us to his own testimony provided at a hearing in Hidalgo County on his motion for a temporary restraining order. However, the supplemental record reveals that at a hearing in Starr County on September 15, 2000, Cantu testified he had only speculated at the Hidalgo County hearing that a final oral order had been entered.

Other than Cantu's testimony, we find nothing in the record to support his contention that an oral judgment was entered in Starr County. The record does not contain a transcript of the hearing in Starr County wherein the trial court purportedly rendered oral judgment in the case. *See Keim,* 943 S.W.2d at 942 (citing *S & A Restaurant,* 892 S.W.2d at 858) (words used by trial court must clearly indicate intent to render judgment at time words are expressed). Further, the record reveals no final written judgment, and we cannot discern from the record if the settlement was entered as a final judgment, either orally or in written form.

■ Cantu also argues that because a large settlement was reached and the monies were placed in a settlement fund, it is obvious that a final judgment was entered. However, approval of a settlement and placement of those funds in a qualified settlement fund does not necessarily constitute rendition of judgment. *See S & A Restaurant,* 892 S.W.2d at 857 (citations omitted).

Based on the record before this Court, we have no basis to conclude that a final judgment was rendered in Starr County. Therefore, the trial court did not err in allowing Guerra & Moore's intervention in the pending lawsuit.

■ We next address Guerra & Moore's contention that the Hidalgo County Court improperly ignored and disregarded the dominant jurisdiction of the

Starr County Court. Generally, "the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *McCall,* 967 S.W.2d at 936 (citing *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988); *Curtis,* 511 S.W.2d at 267). Unless one of the following exceptions applies, the second court must dismiss the subsequent suit involving the same parties and subject matter upon the filing of a plea in abatement. *See McCall,* 967 S.W.2d at 936 (citing *Curtis,* 511 S.W.2d at 267). The first court will not, however, have dominant jurisdiction if is established that: (1) a party's conduct estops him from asserting the first court's jurisdiction; (2) necessary parties cannot be joined in the first suit, or the court lacks power to bring the parties before it; or (3) the plaintiff in the first court lacks the intent to prosecute the first lawsuit. *See McCall,* 967 S.W.2d at 936 (citing *Wyatt,* 760 S.W.2d at 248). If the second court finds that any of the three exceptions apply in a plea in abatement proceeding, it may assume dominant jurisdiction. *See Clawson,* 934 S.W.2d at 901 (citations omitted).

■ Cantu argues that the first exception to the general rule applies, and jurisdiction is proper in Hidalgo County. He contends that Guerra & Moore's conduct estops them from asserting the first court's jurisdiction. He contends Guerra & Moore are guilty of misconduct, having filed their petition in intervention in Starr County only after they had obtained *ex parte* release of funds, without notice to Cantu. However, the authorities cited by Cantu do not support his contentions including *Russell v. Taylor,* 121 Tex. 450, 49 S.W.2d 733, 737 (Comm'n App.1932) (addressed first and third exception where relator filed petition in one court with view of preventing corporation from filing suit

ment because had lost plenary power to modify judgment); *Comal County Rural High School Dist. No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 956, 957 (1958) (written order of dismissal became final and petition in inter-

vention could not be filed within following thirty days unless judge set aside order); *Central Mut. Ins. Co. v.. Dunker,* 799 S.W.2d 334, 336 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (same).

against him in another district court and issue existed as to whether intention to prosecute suit was bona fide); Allis-Chalmers Mfg. Co. v. *Mitchell*, 283 S.W. 560, 561 (Tex. Comm'n App.1927) (in reply to plea in abatement, appellant argued that "but for the fraud and deceit, false promises, and trickery of appellee practiced on appellant and its attorney, with the specific intent and purpose to induce the appellant and its attorney to delay filing this suit in order for appellee to obtain the advantage of getting his suit filed at a date prior to the filing of this suit by appellant," appellant would have filed its suit earlier); and *Howell v. Mauzy*, 899 S.W.2d 690, 698 (Tex.App.—Austin 1994, writ denied) (Howell filed suit in both Dallas and Travis Counties and was estopped from asserting the pendency of the Dallas lawsuit as a basis for the abatement of the Travis County suit as he had expressly represented in his petition for writ that Travis County had obtained exclusive jurisdiction of the cause of action).

■ Further, "[e]stoppel is a fact issue that must be determined by the trial court where the plea in abatement is filed." *Clawson*, 934 S.W.2d at 901. We find nothing in the record that establishes the Hidalgo County Court determined that by obtaining an *ex parte* release of funds, without notice to Cantu, Guerra & Moore were estopped from asserting jurisdiction in Starr County Court. Cantu does not cite us to record references that support such a finding. *See* Tex.R.App.P. 38.1(h) (brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). Additionally, the orders and petition for writ of mandamus deal only with the actions of Guerra & Moore as they relate to their management of the funds at issue, not as they relate to alleged fraudulent activities thwarting Cantu's filing of a lawsuit. Further, Cantu does not claim that but for Guerra & Moore actions,

he would have filed his suit earlier or that Guerra & Moore's actions kept him from filing his suit in Hidalgo County prior to the filing of the intervention/interpleader action in Starr County. Interestingly, approximately one week after Guerra & Moore filed their action in Starr County, Cantu filed a motion in Starr County seeking release of funds allegedly due him for attorneys fees, costs and client reimbursement. It was only after the Starr County Court released the amounts due him for costs and client reimbursement, but not for attorneys fees, that Cantu filed suit in Hidalgo County. We conclude that the first exception to the general rule of dominant jurisdiction, the only exception argued by Cantu, does not apply. We also conclude that it is apparent from the record that the second and third exceptions do not apply.

■ Because Guerra & Moore filed their action first in Starr County, and because none of the exceptions to dominant jurisdiction apply, Starr County Court acquired dominant jurisdiction of this matter. Respondent abused his discretion in failing to abate the subsequently-filed suit in Hidalgo County, and in entering the July 2000 orders and the writ of attachment.

Accordingly, we conditionally grant the writ of mandamus, ordering respondent to abate the underlying suit pending disposition of the Starr County suit. Further, because we have concluded that Starr County District Court is the court of dominant jurisdiction and that the orders issued by the Hidalgo County Court actively interfere with the exercise of that jurisdiction, we direct respondent to vacate the orders dated July 7, 2000, and July 17, 2000, and the writ of attachment dated July 17, 2000.[8] This writ will not issue unless respondent fails to comply with the opinion of this Court. Our order of January 18, 2000, granting an emergency stay

---

8. We note that the temporary restraining order dated July 1, 2000, having expired by its own terms on July 7, 2000, is moot. Therefore, we need not address it in this opinion.

of the Hidalgo County proceedings is now moot and is, therefore, withdrawn.