IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00015-CV

 

In the
Matter of T.D.B.,

 

 

 



From the 323rd District Court

Tarrant County, Texas

Trial Court No. 323-73219J-02

 



MEMORANDUM  Opinion



 

          Appellant T.D.B. appeals the trial court’s order to transfer him from
the Texas Youth Commission (TYC) to the Texas Department of Corrections (TDC). 
We will affirm.

BACKGROUND

In January 2003, a jury found that T.D.B. had
engaged in delinquent conduct by committing aggravated robbery with a deadly
weapon.  The trial court sentenced him to a determinate sentence of eight years
in the custody of TYC with the possibility of transfer to TDC.  In October
2004, TYC requested the transfer of the juvenile to TDC.  The court held a
hearing pursuant to Texas Family Code section 54.11.  At the hearing, the court
admitted TYC records and Leonard Cuculo’s, a TYC court liaison, summary report
which contained multiple allegations from other TYC staff.  These records documented
270 incidents of misconduct involving T.D.B.  Further, Cuculo described the juvenile’s
behavior as disruptive to the TYC program and his overall performance as poor.

In his sole issue, T.D.B. argues that he was
deprived of his constitutional right to effective assistance of counsel because
trial counsel failed to object on Confrontation Clause grounds to the TYC
records and Cuculo’s testimony.

STANDARD OF REVIEW

          The standard set out in Strickland applies to T.D.B.’s claim
for ineffective assistance of counsel.  In re R.D.B., 20 S.W.3d 255, 258
(Tex. App.—Texarkana 2000, no pet.) (citing Strickland v. Washington, 466
 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  To prevail on his claims,
T.D.B. must show that his counsel’s performance was deficient.  See id. 
Specifically, T.D.B. must prove by a preponderance of the evidence that his
counsel’s representation fell below the objective standard of professional
norms.  See id.

          Second, T.D.B. must show that this
deficient performance prejudiced his defense.  See id.  This
means that the appellant must show a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different.  See id.  A “reasonable probability” is one sufficient to
undermine confidence in the outcome.  See id.

INEFFECTIVE ASSISTANCE OF COUNSEL AT TRANSFER
HEARING

          The release or transfer hearing is a
“second chance hearing” after the juvenile has been sentenced to a determinate
number of years, it is not part of the guilt-innocence determination.  Matter
of D.S., 921 S.W.2d 383, 388 (Tex. App.—Corpus Christi 1996, writ dism’d
w.o.j.)  During this hearing, the trial court may consider “written reports from probation officers,
professional court employees, professional consultants, or employees of the
Texas Youth Commission, in addition to the testimony of witnesses.”  Tex. Fam. Code Ann. § 54.11(d) (Vernon Supp. 2005).  However, a juvenile has no right of confrontation at a discretionary
transfer hearing.  In re C.D.T., 98 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).

          T.D.B. is unable to meet the Strickland standard.  He is unable to show that failing
to object on confrontation grounds to the evidence presented against him was
deficient because he did not have a right to confrontation at the section 54.11
release or transfer hearing.  Accordingly, we overrule his sole issue.

CONCLUSION

          Having overruled
T.D.B.’s sole issue, we affirm the judgment.

                                                          

 

                                                                    BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed February 22, 2006

[CV06]








 






#160;   JURISDICTION
      The general rule in Texas is that the court in which suit is first filed acquires dominant
jurisdiction to the exclusion of other coordinate courts. Wyatt v. Shaw Plumbing Co., 760 S.W.2d
245, 248 (Tex. 1988); Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974); Clawson v. Millard,
934 S.W.2d 899, 900 (Tex. App.—Houston [1st. Dist.] 1996, no writ). Generally, a later-filed
suit involving the same parties and issues must be dismissed once the original suit is brought to
the second court’s attention. Curtis, 511 S.W.2d at 267; Sweezy Const., Inc. v. Murray, 915
S.W.2d 527, 531 (Tex. App.—Corpus Christi 1995, orig. proceeding). However, it is well settled
that when a plea in abatement is denied by the second court, that court acquires dominant
jurisdiction and the prior action is postponed until the case in the second court is completed. 
Johnson v. Avery, 414 S.W.2d 441, 443 (Tex. 1966); Clawson, 934 S.W.2d at 901; Matter of
the Marriage of Parr, 543 S.W.2d 433, 436 (Tex. Civ. App.—Corpus Christi 1976, no writ). 
Thus, once the plea in abatement was denied by the Tarrant County Family Court, Johnson County
should have ceased all activity. In properly exercising its jurisdiction to overrule the plea in
abatement, the Tarrant County Family Court has acquired the right to proceed without interference
from Johnson County.


 See Johnson, 414 S.W.2d at 443. Furthermore, absent a showing of
peculiar circumstances, a plea in abatement is an adequate remedy at law, making injunctive relief
by the first court inappropriate. Ex parte Browne, 543 S.W.2d 82, 85 (Tex. 1976); Atkinson v.
Arnold, 893 S.W.2d 294, 298 (Tex. App.—Texarkana 1995, no writ).
      Accordingly, we sustain Jensen's first issue and dissolve the following orders:
Those portions of the order signed March 30, 1998, which read: 
 
“KEITH M. JENSEN is hereby enjoined from seeking any further affirmative relief in any
suit affecting the parent-child relationship between himself and the minor child, OLIVIA
LANE JENSEN-SEAY, in any court of this State other than this Court in Johnson County. 
Further, KEITH M. JENSEN is hereby enjoined from the following acts:
. . .
31. Filing or causing to be filed any petition, motion, pleading, or document in any
court in the State of Texas that is materially false, or taking any action in the said courts
that violates the Texas Rules of Civil Procedure, or the orders or jurisdiction of this
Court,
32. Taking any action to enforce the orders of the 233rd District Court of Tarrant
County, Texas, obtained on March 5, 1998, . . . .”
 
That portion of the order signed March 31, 1998, which reads: “It is therefore
ORDERED that Keith M. Jensen shall abate any other proceedings outside of this Court.”

      We do not reach Jensen’s other issues. Tex. R. App. P. 47.1.
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Temporary injunction dissolved in part
Opinion delivered and filed October 8, 1998
Do not publish