

**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-08-00433-CV**

**IN RE JENNIFER HENDRICKS**

_____

**Original Proceeding**

**MEMORANDUM OPINION**

Jennifer Hendricks seeks a writ of mandamus compelling Respondent, the Honorable Steve Smith, Judge of the 361st District Court of Brazos County, to recuse himself and to withdraw an order granting a partial abatement of the underlying proceeding. We will deny Hendricks's petition.

Hendricks first complains of Respondent's refusal to recuse himself. Based on Respondent's comments and the tone of those comments during a hearing on the motions for partial abatement filed by the real parties in interest, Hendricks contends that Respondent is biased against her and her attorney.

Rule of Civil Procedure 18a provides the procedures for recusal of a trial judge. *See* Tex. R. Civ. P. 18a. Rule 18a(f) prescribes the appellate remedy. "If the motion is

denied, it may be reviewed for abuse of discretion on appeal from the final judgment. If the motion is granted, the order shall not be reviewable, and the presiding judge shall assign another judge to sit in the case." *Id.* 18a(f).

Because Hendricks has an adequate legal remedy, she is not entitled to mandamus relief in connection with her efforts to have Respondent removed from the case. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428-29 (Tex. 1998) (orig. proceeding).

Hendricks next contends that Respondent abused his discretion by partially abating the underlying proceeding in apparent contradiction of this Court's decision in *Underwood v. Bridewell*, 931 S.W.2d 645, 647 (Tex. App.—Waco 1996, orig. proceeding). Respondent's abatement order expired on December 31, 2008.[1] Arguably, Hendricks's complaint became moot when the order expired. *See In re O'Neal*, No. 04-08-00694-CV, 2008 WL 4500313, at *1 (Tex. App.—San Antonio Oct. 8, 2008, orig. proceeding) (mem. op.) (mandamus petition challenging expired TRO was moot); *In re Guerra & Moore, L.L.P.*, 35 S.W.3d 210, 219 n.8 (Tex. App.—Corpus Christi 2000, orig. proceeding) (declining to address propriety of TRO which had expired because issue was moot).

After its expiration, however, Respondent granted the motion of the real parties in interest to extend the order until March 1, 2009.[2] We assume without deciding that the propriety of this extension order may be challenged by a supplemental mandamus petition. *See* TEX. R. APP. P. 52.7(b) ("After the record is filed, relator or any other party

---

[1]     Respondent orally granted the partial abatement order on October 7 and signed the order on October 21. Hendricks filed her mandamus petition on December 16.

[2]     Hendricks called this extension to our attention by supplementing her petition and providing a supplemental record. *See* TEX. R. APP. P. 52.7(b). Respondent signed the extension order on January 13.

to the proceeding may file additional materials for inclusion in the record."). Nevertheless, the partial abatement order does not impose a blanket prohibition of all discovery, as third-party discovery is expressly permitted to proceed under the terms of the order. In addition, the order is of limited duration, though it has been extended one time. Accordingly, we cannot say that issuance of the order was a clear abuse of discretion. *See In re Moak & Moak, P.C.*, No. 10-08-00254-CV, 2008 WL 4742367, at *1 (Tex. App.—Waco Oct. 29, 2008, orig. proceeding) (mem. op.).

Therefore, the petition for mandamus relief is denied.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurring with note)*
Petition denied
Opinion delivered and filed January 28, 2009
[OT06]

*     (Chief Justice Gray concurs in the denial of the petition for writ of mandamus. A separate opinion will not issue. He notes, however, that Relator's supplement is clearly intended to challenge the propriety of the order that now restricts the Relator's ability to conduct discovery. As previously stated, I would have denied the original petition without requesting a response and would likewise deny the petition as supplemented which attacks the propriety of the order signed by the trial court on January 13, 2009.)