IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00433-CV

 

In
re Jennifer Hendricks

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Jennifer Hendricks seeks a
writ of mandamus compelling Respondent, the Honorable Steve Smith, Judge of the
361st District Court of Brazos County, to recuse himself and to withdraw an
order granting a partial abatement of the underlying proceeding.  We will deny
Hendricks’s petition.

            Hendricks first complains of
Respondent’s refusal to recuse himself.  Based on Respondent’s comments and the
tone of those comments during a hearing on the motions for partial abatement
filed by the real parties in interest, Hendricks contends that Respondent is
biased against her and her attorney.

            Rule of Civil Procedure 18a
provides the procedures for recusal of a trial judge.  See Tex. R. Civ. P. 18a.  Rule 18a(f)
prescribes the appellate remedy.  “If the motion is denied, it may be reviewed
for abuse of discretion on appeal from the final judgment.  If the motion is
granted, the order shall not be reviewable, and the presiding judge shall
assign another judge to sit in the case.”  Id. 18a(f).

            Because Hendricks has an
adequate legal remedy, she is not entitled to mandamus relief in connection
with her efforts to have Respondent removed from the case.  See In re
Union Pac. Res. Co., 969 S.W.2d 427, 428-29 (Tex. 1998) (orig. proceeding).

            Hendricks next contends that
Respondent abused his discretion by partially abating the underlying proceeding
in apparent contradiction of this Court’s decision in Underwood v. Bridewell,
931 S.W.2d 645, 647 (Tex. App.—Waco 1996, orig. proceeding).  Respondent’s
abatement order expired on December 31, 2008.[1] 
Arguably, Hendricks’s complaint became moot when the order expired.  See In
re O’Neal, No. 04-08-00694-CV, 2008 WL 4500313, at *1 (Tex. App.—San Antonio Oct. 8, 2008, orig. proceeding) (mem. op.) (mandamus petition challenging
expired TRO was moot); In re Guerra & Moore, L.L.P., 35 S.W.3d 210,
219 n.8 (Tex. App.—Corpus Christi 2000, orig. proceeding) (declining to address
propriety of TRO which had expired because issue was moot).

            After its expiration,
however, Respondent granted the motion of the real parties in interest to
extend the order until March 1, 2009.[2] 
We assume without deciding that the propriety of this extension order may be
challenged by a supplemental mandamus petition.  See Tex. R. App. P. 52.7(b) (“After the
record is filed, relator or any other party to the proceeding may file
additional materials for inclusion in the record.”).  Nevertheless, the partial
abatement order does not impose a blanket prohibition of all discovery, as
third-party discovery is expressly permitted to proceed under the terms of the
order.  In addition, the order is of limited duration, though it has been
extended one time.  Accordingly, we cannot say that issuance of the order was a
clear abuse of discretion.  See In re Moak & Moak, P.C., No.
10-08-00254-CV, 2008 WL 4742367, at *1 (Tex. App.—Waco Oct. 29, 2008, orig.
proceeding) (mem. op.).

Therefore, the petition for mandamus
relief is denied.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Petition denied

Opinion
delivered and filed January 28, 2009

[OT06]

 

*           (Chief
Justice Gray concurs in the denial of the petition for writ of mandamus.  A
separate opinion will not issue.  He notes, however, that Relator’s supplement
is clearly intended to challenge the propriety of the order that now restricts
the Relator’s ability to conduct discovery.  As previously stated, I would have
denied the original petition without requesting a response and would likewise
deny the petition as supplemented which attacks the propriety of the order
signed by the trial court on January 13, 2009.)

 

 

 








 









[1]
              Respondent orally
granted the partial abatement order on October 7 and signed the order on
October 21.  Hendricks filed her mandamus petition on December 16.

 





[2]
              Hendricks called
this extension to our attention by supplementing her petition and providing a
supplemental record.  See Tex. R.
App. P. 52.7(b).  Respondent signed the extension order on January 13.