NO. 07-12-00152-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 25, 2012

_____

IN RE WILLIAM SKIP GRAY, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator William Gray seeks a writ of mandamus compelling respondent, the Honorable Douglas R. Woodburn, judge of the 108th Judicial District Court of Potter County, to vacate a writ of sequestration and the order granting its issuance. He asserts the execution of this process interferes with the dominant jurisdiction of the 181st Judicial District Court of Potter County. At our request, real party in interest Plaska Transmission Line Construction, LLC filed a response. We will deny Gray's petition.

Background

Gray, Greg Jackson, and Ace Whelchel each claim a membership interest in Plaska. A dispute arose among these individuals concerning the company. In December 2011, Gray filed suit against Jackson and Whelchel in the 181st District Court. The case was assigned cause number 99,190-B. By the action, Gray alleged

breach of contract and fraud. He sought an accounting and "an attachment lien upon all assets"[1] of Plaska. Jackson and Whelchel answered and filed a counterclaim against Gray alleging breach of contract, fraud, and theft of property.[2]

On March 1, 2012, Plaska filed suit against Gray in the 108th District Court of Potter County. The action was assigned cause number 100,410-E and by it the company sought a judgment declaring that it was the owner of three pieces of equipment. Plaska also requested sequestration of the equipment. Through an *ex parte* order, the court ordered issuance of the writ of sequestration conditioned on a bond of $1,000.

The mandamus record contains a copy of a writ of sequestration signed by the district clerk but the officer's return, including the property description, is blank. According to Plaska's response to Gray's mandamus petition, the sheriff executed the writ and seized the equipment. Although not addressed in the documents appended to its response, Plaska also tells us the equipment was delivered to Plaska and Gray has not sought its replevy.[3]

In response to Plaska's 108th District Court pleadings, Gray filed a document entitled "Plea to the Jurisdiction, Alternatively Plea in Abatement and Answer." The

---

[1] The mandamus record does not show the status of Gray's attempt to obtain a writ of attachment. *See E.E. Maxwell Co., Inc. v. Arti Decor, Ltd.,* 638 F.Supp. 749, 753 (N.D. Tex. 1986) (prejudgment application applying Texas law).

[2] Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code Ann. ch. 134 (West 2011).

[3] *See* Tex. R. Civ. P. 701 (providing for replevy by defendant of sequestered property and judicial review of the amount of the replevy bond).

copy in the mandamus record contains no file stamp but bears a certificate showing its service on March 5, 2012. Pointing to his prior filing of cause number 99,190-B, Gray sought an order vacating orders issued in cause number 100,410-E, the return of property subject to the writ of sequestration, and dismissal or abatement of the case.

In a letter to the parties dated March 26, 2012, Judge Woodburn stated cause number 100,410-E was abated "pending resolution or abandonment of Cause No. 99,190-B." Gray was directed to prepare an order. Gray submitted three proposed orders for Judge Woodburn's consideration. The first vacated the writ and order of sequestration, restored the equipment to Gray, and dismissed the case. The second was like the first except it ordered abatement rather than dismissal of the case. The third proposed order decreed that the 181st District Court in cause number 99,190-B "is the dominant case to the exclusion of all other Courts and it is ordered that this case is hereby ABATED pending further orders of this Court." It did not provide for vacation of the writ and order nor did it direct restoration of the equipment to Gray. On April 6, 2012, Judge Woodburn signed the third proposed order without elaboration.[4]

In his mandamus petition, Gray does not object to the abatement of the 108th District Court action. Indeed, he expressly requested such relief. Rather, his complaint on mandamus is Judge Woodburn's failure to vacate the writ of sequestration and the order directing its issuance and failure to order the sequestered equipment restored to

---

[4] Neither party filed the reporter's record of the hearing Judge Woodburn held on Gray's motion. *See* Tex. R. App. P. 52.7(a)(2). Plaska states testimony was not offered at the hearing.

3

him. He contends that by failing to take those actions the 108th District Court is interfering with the dominant jurisdiction of the 181st District Court.

A writ of mandamus will issue if the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Laibe Corp.,* 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion when it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.,* 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). A court may not resolve contested fact issues in an original mandamus proceeding. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex. 1990).

It was generally viewed that mandamus was not available to resolve questions of dominant jurisdiction between two courts over the same case. *Hall v. Lawlis,* 907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding) (per curiam). Mandamus would lie, however, when the courts directly interfered with each other by issuing conflicting orders. *Id.* (citing *Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding); *cf. HCA Health Services v. Salinas,* 838 S.W.2d 246, 247-248 (Tex. 1992) (orig. proceeding) (per curiam) (when competing orders from first and second court held litigation "deadlocked," relators had no adequate remedy by appeal); *In re Guerra & Moore,* L.L.P., 35 S.W.3d 210, 217 (Tex.App.--Corpus Christi 2000, orig. proceeding). Mandamus now may have a more flexible application to questions of dominant jurisdiction. *See In re Exxonmobil Prod. Co.,* 340 S.W.3d 852, 858 (Tex.App.--San

4

Antonio 2011, orig. proceeding) (following *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) and stating, "limiting mandamus relief as per *Abor* precludes the flexibility of the remedy in plea in abatement cases because *Abor's* holding fails to account for any case-by-case consideration of the benefits and detriments of mandamus review").

A trial court's lack of dominant jurisdiction is properly asserted by a plea in abatement. *In re Puig,* 351 S.W.3d 301, 303 (Tex. 2011) (orig. proceeding) (per curiam) (citing *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247-48 (Tex. 1988)). "An abatement is a present suspension of all proceedings in a suit. The case is held in suspended animation and may be revived when the reason for abatement is removed. During abatement, the court and the parties are prohibited from proceeding in any manner." *Campbell v. Kosarek,* 44 S.W.3d 647, 650 (Tex.App.--Dallas 2001, pet. denied) (citations omitted); *In re Kimball Hill Homes Texas, Inc.,* 969 S.W.2d 522, 527 (Tex.App.--Houston [14th Dist.] 1998, no pet.); *Lumbermens Mutual Casualty Co. v. Garza,* 777 S.W.2d 198, 199 (Tex.App.--Corpus Christi 1989, no pet.).

The 108th District Court abated cause number 100,410-E on Gray's motion and nothing before us shows it or the parties have taken further action. The claimed interference with the jurisdiction of the 181st District Court comes not from the refusal of the 108th to abate prosecution of Plaska's suit, for this was done as Gray requested, but its asserted refusal to vacate the order and writ of sequestration and restore sequestered equipment to Gray. As noted, nothing before us establishes that the property was actually sequestered. If the property was sequestered, we are not shown

undisputed facts requiring the property's return to Gray's possession. If the property was sequestered, we are not shown or told why Gray may not seek its replevy in the trial court. And if the property was sequestered, we are not shown or told how this has affected Gray's ability to obtain relief in the 181st District Court action.

In short, on the record presented us, we can say neither that Judge Woodburn has committed a clear abuse of discretion by signing one of the orders presented him by Gray rather than the order granting all the relief Gray desires, nor that Gray has demonstrated he has no adequate remedy at law if indeed he is entitled to possession of the equipment. Either conclusion would require our resort to speculation or supposition. *See Frink v. Blackstock,* 813 S.W.2d 602, 605 (Tex.App.--Houston [1st Dist.] 1991, orig. proceeding) ("We will not issue a writ of mandamus when the petition leaves us speculating about the justification for the requested coercive action"); *Fisher v. Harris County Republican Executive Comm.,* 744 S.W.2d 339, 340 (Tex.App.--Houston [1st Dist.] 1988, orig. proceeding) (explaining extraordinary nature of remedy of mandamus requires specific and positive averments in petition showing clear and unqualified right to relief).

Accordingly, Gray's petition for writ of mandamus is denied.


Per Curiam