**Martin Z. LUCAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00162–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 31, 2002.

Decided Jan. 31, 2002.

Tony Aninao, Houston, for appellant.

Calvin A. Hartmann, Harris County Dist. Atty's. Office, Kevin Keating, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice CORNELIUS.

Martin Lucas appeals his conviction for aggravated sexual assault on a child. The

---

trial court sentenced him to ten years' imprisonment. Lucas pleaded guilty as part of a plea bargaining agreement, which the trial court accepted. The range of punishment for this offense was five to ninety-nine years or life imprisonment. Lucas was represented by appointed counsel.

Lucas filed a pro se notice of appeal, which was followed shortly thereafter by a notice of appeal filed by his attorney. The attorney's notice of appeal states that he wishes to appeal from the judgment of guilt, sentence, and all appealable orders and rulings, and alleges that the appeal is for a jurisdictional defect or that the substance of the appeal was raised by written motion and ruled on before trial.

In this case, there are no pretrial motions or rulings to appeal. Because the notice of appeal states that one matter for the appeal was jurisdiction, it facially provides us with jurisdiction over the appeal pursuant to Tex.R.App. P. 25.2(b)(3)(A). We have now received Lucas's brief. He raises five points of error. Jurisdiction of the trial court is not among them.

The first issue is whether we have jurisdiction to consider Lucas's appeal. The record does not show that Lucas raised his issues by a pretrial written motion or that he received the trial court's permission to appeal. We recently addressed this situation in Lenox v. State, 56 S.W.3d 660 (Tex. App.-Texarkana 2001, no pet. h.). In our opinion in that case, we reviewed the background of Tex.R.App. P. 25.2 and Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979), the rule and statute that restrict the availability of appeal in situations involving a plea bargaining agreement.

An appellant invokes the jurisdiction of this Court by filing a written notice of appeal. Lemmons v. State, 818 S.W.2d 58, 60 (Tex.Crim.App.1991) (citing Carter v. State, 656 S.W.2d 468, 469 (Tex. Crim.App.1983)). But as the Texas Court of Criminal Appeals acknowledged in Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim.App.1994), and Jones v. State, 796 S.W.2d 183, 186–87 (Tex.Crim.App.1990), the extent of our jurisdiction may be limited by legislation.

Four of the five contentions raised by Lucas in his brief all address different aspects of a contention that his guilty plea was not voluntary. The remaining issue contends that the admonishments the trial court gave to Lucas were inadequate. We are without jurisdiction to consider either of these issues. In Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App.2001), the Texas Court of Criminal Appeals construed Rule 25.2(b)(3) as being in harmony with Article 44.02. The court held that both Article 44.02 and Rule 25.2(b)(3) restrict the right of a defendant appealing from the voluntariness of his plea without the trial court's permission. Id. at 79. The record does not show that Lucas received the trial court's permission to appeal the voluntariness of his plea. Further, the admonishments given by the court do not fit into any of the categories for which an appeal is allowed under Tex.R.App. P. 25.2(b). Consequently, we are without jurisdiction to consider any issue raised.[1]

The appeal is dismissed for want of jurisdiction.

---

1. The Texas Court of Criminal Appeals has determined that an involuntary plea may be raised by a motion for new trial and petition for habeas corpus, but not on appeal. We are bound to follow this ruling. Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App.2001).