**Jerry STEINECKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00111–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 27, 2002.

K.S. Dunn, Colorado County Public Defender, Columbus, for Appellant.

Ty Prause, Columbus, for State.

Panel consists of Justices HEDGES, JENNINGS, and PRICE.[1]

### OPINION

TERRY JENNINGS, Justice.

Appellant, Jerry Steinecke, was indicted on two counts of the state jail felony offense of endangering a child in cause number CR99–128. He was subsequently re-indicted for the same offenses in cause number CR01–223, which was tried to a jury. The jury found appellant guilty, and the trial court assessed his punishment at two years confinement, probated for five years, and a $500 fine. Appellant filed his notice of appeal in cause number CR99–128, which had been dismissed on the State's motion. Because the notice of appeal was filed in the wrong cause number, we conclude we must dismiss the appeal for want of jurisdiction.

The Waco Court of Appeals has held that a motion for new trial filed in the wrong cause number does not extend the appellate timetable for filing a notice of appeal in the proper cause number. *Stone v. State*, 931 S.W.2d 394, 395–96 (Tex. App.—Waco 1996, pet. ref'd). In doing so, the court analyzed the strict compliance with the Texas Rules of Appellate Procedure required by the Court of Criminal Appeals. For example, appellate jurisdiction is invoked by giving timely and proper

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

notice of appeal. *State v. Riewe,* 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000). To invoke a court of appeals' jurisdiction, a defendant must file his notice of appeal within 30 days after sentencing, or within 90 days after sentencing if a timely motion for new trial is filed. *Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996); Tex.R.App. P. 26.2(a).

The procedures established in Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure must also be followed in order to invoke jurisdiction over plea-bargained appeals. *White v. State,* 61 S.W.3d 424, 429 (Tex.Crim.App.2001) (notice of appeal must specify appeal is for jurisdictional defect to invoke appellate court's jurisdiction on this issue); *Cooper v. State,* 45 S.W.3d 77, 83 (Tex.Crim.App.2001) (general notice of appeal fails to confer jurisdiction to consider voluntariness of guilty plea); *Davis v. State,* 870 S.W.2d 43, 46–47 (Tex.Crim.App.1994) (general notice of appeal fails to confer jurisdiction to consider denial of pretrial motion).

We agree with the reasoning of our sister court of appeals and conclude that, under the Court of Criminal Appeals' strict application of the rules of appellate procedure, appellant's notice of appeal filed in cause number CR99–128 did not confer appellate jurisdiction on this Court in cause number CR01–223.

We dismiss the appeal for lack of jurisdiction.

All pending motions are denied as moot.