NUMBER
13-01-716-CR

 

                                  COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                                    CORPUS
CHRISTI



 

 

DANNY RAY MAXEY,                                                                        Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                        Appellee.



 

 

                             On
appeal from the Criminal District Court

                                         of
Jefferson County, Texas.

 



 

                                         O
P I N I O N

 

                 Before Chief Justice
Valdez and Justices Dorsey and Rodriguez

                                           Opinion
by Justice Dorsey



 








Pursuant
to a plea-bargain agreement appellant, Danny Ray Maxey, pleaded no contest to
attempted assault-family violence, a misdemeanor.  The trial court followed the plea bargain and
sentenced him to 180 days in the Jefferson County Jail.  By two points of error appellant complains of
ineffective assistance of counsel and that the trial court did not properly
admonish him.  We dismiss the appeal for
want of jurisdiction. 

                                                                 Our
Jurisdiction

Because
this attempted appeal arises from a plea-bargain agreement we must decide
whether we have jurisdiction to review the points of error.  Yarbrough v. State, 57 S.W.3d 611, 615
(Tex. App.CTexarkana
2001, pet. ref=d)
(appellate court has the obligation to determine its own jurisdiction).  Although the restrictions found in Rule
25.2(b)(3) of the Texas Rules of Appellate Procedure do not apply to
misdemeanor appeals, Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim. App.
2001) (Rule 25.2(b)(3) "applies only to plea‑bargained, felony
cases"); Russell v. State, 74 S.W.3d 887, 889 (Tex. App.BWaco 2002, pet. filed), the scope of
appellant's attempted appeal is limited by the proviso to article 44.02 of the
Texas Code of Criminal Procedure.  That
proviso reads:

before the defendant
who has been convicted upon either his plea of guilty or plea of nolo
contendere before the court and the court, upon the election of the defendant,
assesses punishment and the punishment does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant and his attorney
may prosecute his appeal, he must have permission of the trial court, except on
those matters which have been raised by written motion filed prior to trial. .
. .

 








Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon Supp. 2002).  Thus article 44.02
restricts the scope of an appeal from a plea‑bargained misdemeanor
conviction to (1) issues on which the trial court has granted permission to
appeal and (2) issues raised by written pre‑trial motion.  Russell, 74 S.W.3d at 890.  See Taylor v. State, 916 S.W.2d 680,
683 (Tex. App.BWaco
1996, no pet.).  Because Rule 25.2(b)(3)
does not apply to misdemeanor appeals a defendant appealing a plea‑bargained
misdemeanor conviction may also raise jurisdictional issues under a general
notice of appeal.  See Lyon v. State,
872 S.W.2d 732, 736 (Tex. Crim. App. 1994); but see White v. State,
61 S.W.3d 424, 429 (Tex. Crim. App. 2001) (general notice of appeal does not
properly invoke appellate court's jurisdiction to consider jurisdictional issue
in appeal from plea‑bargained felony conviction).

Here,
appellant requested permission to appeal, alleging ineffective assistance of
counsel.  The trial court, however, did
not grant him permission to appeal. 
Appellant=s
attempted appeal does not involve the court's denial of a written, pre‑trial
motion, nor does it involve a jurisdictional defect.  See Lyon v. State, 872 S.W.2d 732,
736 (Tex. Crim. App. 1994) (Ineffective assistance of counsel is not a
jurisdictional defect.); Lucas v. State, 71 S.W.3d 781, 782 (Tex. App.BTexarkana 2002, no pet.) (inadequate
admonishments are not jurisdictional defects). 
Therefore we hold that appellant=s
notice of appeal fails to confer jurisdiction on this Court.

We
DISMISS the appeal for want of jurisdiction.                                              

______________________________

J. BONNER
DORSEY,

Justice

 

Do not publish.

Tex.
R. App. P. 47.3(b).

Opinion delivered and filed

this 19th day of September, 2002.