In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00142-CR


______________________________




HOWARD LEE LEWIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 02-F-425-102




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Howard Lee Lewis appeals from his conviction of the offense of theft on his plea of
guilty. Pursuant to a plea agreement, he was sentenced to six years' imprisonment, to run
concurrently with that assessed in a companion case.

 Lewis filed his notice of appeal in this case pro se. He was represented by counsel
at trial, but the trial court permitted counsel to withdraw during the pendency of the appeal. 

 The Rules of Appellate Procedure do not establish the jurisdiction of the appellate
courts, but instead set out procedures which must be followed in order to invoke that
jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). If the jurisdiction
of a court of appeals is not properly invoked, the power of the court to act is as absent as
if it did not exist. Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964) (op. on
reh'g). Appellate jurisdiction is invoked by giving timely and proper notice of appeal. State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). 

 We have reviewed the notice of appeal to determine if our jurisdiction has been
invoked. The procedures established by Tex. R. App. P. 25.2(b)(3) must be followed in
order to invoke jurisdiction over plea-bargained appeals. White v. State, 61 S.W.3d 424,
429 (Tex. Crim. App. 2001) (notice of appeal must specify appeal is for jurisdictional defect
to invoke appellate court's jurisdiction on this issue); Cooper v. State, 45 S.W.3d 77, 83
(Tex. Crim. App. 2001) (general notice of appeal fails to confer jurisdiction to consider
voluntariness of guilty plea); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994)
(general notice of appeal fails to confer jurisdiction to consider denial of pretrial motion);
Steinecke v. State, No. 01-02-00111-CR, 2002 WL 1380880 (Tex. App-Houston [1st Dist.]
June 27, 2002, no pet. h.).

 The notice of appeal does not specify that the appeal is for a jurisdictional defect;
it does not specify that the substance of the appeal was raised by written motion and ruled
on before trial; and it does not state that the trial court granted permission to appeal. 
Therefore, the notice of appeal is not sufficient to confer jurisdiction on this Court. See
Tex. R. App. P. 25.2(b)(3); Lucas v. State, 71 S.W.3d 781, 782 (Tex. App.-Texarkana
2002, no pet.).

 We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 17, 2002

Date Decided: October 18, 2002


Do Not Publish




x. R. App. P. 42.1(a). The cross-appeal by Wright against the Reeds, 06-04-00022-CV is dismissed.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 10, 2004
Date Decided:             February 11, 2004