In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00141-CR


______________________________




HOWARD LEE LEWIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 02-F-193-102




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Howard Lee Lewis appeals from his conviction of the offense of robbery on his plea
of guilty. Pursuant to a plea agreement, he was sentenced to six years' imprisonment, to
run concurrently with that assessed in a companion case.

 Lewis filed his notice of appeal in this case pro se. He was represented by counsel
at trial, but the trial court permitted counsel to withdraw during the pendency of the appeal. 

 The Rules of Appellate Procedure do not establish the jurisdiction of the appellate
courts, but instead set out procedures which must be followed in order to invoke that
jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). If the jurisdiction
of a court of appeals is not properly invoked, the power of the court to act is as absent as
if it did not exist. Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964) (op. on
reh'g). Appellate jurisdiction is invoked by giving timely and proper notice of appeal. State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). 

 We have reviewed the notice of appeal to determine if our jurisdiction has been
invoked. The procedures established by Tex. R. App. P. 25.2(b)(3) must be followed in
order to invoke jurisdiction over plea-bargained appeals. White v. State, 61 S.W.3d 424,
429 (Tex. Crim. App. 2001) (notice of appeal must specify appeal is for jurisdictional defect
to invoke appellate court's jurisdiction on this issue); Cooper v. State, 45 S.W.3d 77, 83
(Tex. Crim. App. 2001) (general notice of appeal fails to confer jurisdiction to consider
voluntariness of guilty plea); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994)
(general notice of appeal fails to confer jurisdiction to consider denial of pretrial motion);
Steinecke v. State, No. 01-02-00111-CR, 2002 WL 1380880 (Tex. App-Houston [1st Dist.]
June 27, 2002, no pet. h.).

 The notice of appeal does not specify that the appeal is for a jurisdictional defect;
it does not specify that the substance of the appeal was raised by written motion and ruled
on before trial; and it does not state that the trial court granted permission to appeal. 
Therefore, the notice of appeal is not sufficient to confer jurisdiction on this Court. See
Tex. R. App. P. 25.2(b)(3); Lucas v. State, 71 S.W.3d 781, 782 (Tex. App.-Texarkana
2002, no pet.).

 We dismiss the appeal for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: October 17, 2002

Date Decided: October 18, 2002


Do Not Publish




 is the custom for the second court to stay its proceeding until the first suit has been determined,
or at least for a reasonable time. Space Master Int'l, Inc., 794 S.W.2d at 946; see Evans, 186 S.W.2d
at 279. Additionally, the decision to grant or deny a motion to stay is within the discretion of the
trial court, and we review that decision based on an abuse of discretion standard. Space Master Int'l,
Inc., 794 S.W.2d at 946. 

 For example, in Evans, Mr. Evans filed for divorce in Ohio, and Mrs. Evans filed her motion
for alimony in the same court. Evans, 186 S.W.2d at 278. The Ohio court held that Mrs. Evans was
entitled to $75.00 per month. Id. While the divorce action was still pending, Mr. Evans established
residency in Texas and again filed for divorce in a Texas court. Id. at 279. Mrs. Evans filed a
motion to stay the proceeding in Texas, and based on the doctrine of comity the Texas court granted
the stay. Id. The court reasoned that principles of comity applied because Mr. Evans originally
sought relief in Ohio; his wife, children, and property are located in Ohio; the two suits are identical
and involve the same parties; and the issuance of a divorce decree in Texas would have negated the
Ohio court's order for alimony. Id.; see Williams v. N. Carolina, 317 U.S. 287 (1942) (Texas decree
could be made basis for vacating alimony order of Ohio court).

 In the present case, Crown filed two suits involving the same parties and subject matter. Like
Mr. Evans, Crown initially sought relief in the first state, Florida. See Evans, 186 S.W.2d at 278. 
It was not until after the temporary injunction was denied in Florida that Crown brought the identical
suit in Texas. Crown, having chosen Florida as the forum, should have continued to proceed therein
until final judgment. See Nowell v. Nowell, 408 S.W.2d 550, 555 (Tex. Civ. App.-Dallas 1966, writ
dism'd w.o.j.). Moreover, Goodman and the trophy were located in Florida. If the Texas action
proceeded on the merits and a writ of sequestration was levied, it would effectively supplant the
Florida court's decision to deny the temporary injunction. Therefore, based on the principles of
comity, the Texas suit should be stayed until the Florida suit has reached final determination. 

 Crown contends Goodman should be estopped from asserting that Florida has dominant
jurisdiction. (2) Crown argues Goodman acted in bad faith by doing the following: (1) purchasing the
trophy  without  Crown's  consent;  (2)  removing  the  trophy  to  Florida  without  Crown's  consent;
(3) contacting a third party to purchase the trophy without Crown's consent; (3) and (4) not giving
notice of the auction until the Associated Press article was published on November 29, 2000. 
Because the auction was scheduled to take place nine days from when the article was published,
Crown contends that bringing suit in Florida was the only way to stop the sale. Estoppel is a fact issue to be decided by the trial court in which the plea in abatement was
filed. Clawson v. Millard, 934 S.W.2d 899, 901 (Tex. App.-Houston [1st Dist.] 1996, no writ). 
Crown asserts the foregoing events constitute a scheme on the part of Goodman to force Crown into
filing suit in Florida. While Crown is entitled to argue that inference, there is no evidence in the
record that Goodman was aware of Crown's interest in the trophy or that Goodman acted in bad faith.
See Tex. R. App. P. 38.1(h) (brief must contain clear and concise argument for contentions made,
with appropriate citations to authorities and to record). Further, this Court will defer to the trial
court's factual determinations provided there has not been an abuse of discretion, which has not been
shown in the present case. See Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex.
1996); see Clawson, 934 S.W.2d at 901. Furthermore, regardless of whether Goodman acted in bad
faith, Crown has failed to show how Goodman's actions precluded Crown from initially filing in
Texas. Crown could have brought suit in Texas, as evidenced by its second suit filed three days after
being denied temporary relief in Florida. Accordingly, Crown has failed to show the trial court
abused its discretion. 

 Crown also contends that a Florida court would be improper because it would work a great
inconvenience on the judicial system. In support of its contention, Crown relies on Understanding
the First-to-File Rule and its Anticipatory Suit Exception, 75 Fla. Bar J. 24 (July/August 2001). In
addition to the fact the Florida Bar Journal is not controlling authority, Crown's argument is not
persuasive. It is undisputed that all transactions giving rise to each suit took place in Texas. 
However, at the time each suit was filed, the defendant resided in Florida and the trophy was located
in Florida. Further, Crown has proceeded with discovery in the Florida suit, including taking
depositions and making requests for production. Crown contends that adjudicating the dispute in
Florida would be inconvenient and costly. However, adjudicating the dispute in Texas would be
equally difficult for Goodman. In any event, these are considerations that should have been taken
into account before initially bringing suit in Florida. While Crown raises concerns regarding its own
convenience, those concerns would not render the trial court's decision an abuse of discretion. 

 Based on the principles of comity, a stay is the proper form of relief when two identical suits
are filed and pending in different states. See Evans, 186 S.W.2d at 278-79. Accordingly, we modify
the trial court's judgment to institute a stay, as opposed to an abatement, and we affirm the judgment
as modified. Tex. R. App. P. 43.2(b). 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 7, 2002

Date Decided: December 19, 2002


Publish


 
1. During oral argument, Appellant's counsel brought this Court's attention to Drake v.
Brander, 8 Tex. 351 (1852). After reviewing Drake, this Court determines it is inapplicable to the
present case.
2. In support of its contention, Crown relies on Perry v. Del Rio, 66 S.W.3d 239 (Tex. 2001). 
However, Del Rio stands for the proposition that unmatured claims will be abated in deference to
suits that were brought after they had become ripe for consideration. Id. at 255-56.
3. Goodman stated in his deposition he contacted a third party to purchase the trophy, but the
purchase price had not been paid in full.