IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0866-06






LAWRENCE WENDELL FEW, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Cochran, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Appellant was indicted for solicitation to commit capital murder in cause number
20030D05342. He was eventually re-indicted under cause number 20050D04727. After a
jury convicted him, appellant filed a timely notice of appeal, citing the original cause number
instead of the new one. The court of appeals dismissed his appeal for lack of jurisdiction. (1) 


 We granted review to determine if appellant filed a notice of appeal sufficient to
invoke the jurisdiction of the appellate court. (2) Because appellant's notice was sufficient to
show his desire to appeal from the judgment for solicitation to commit capital murder, we
reverse the judgment of the court of appeals and remand this case to that court.

I.

 On November 13, 2003, the State indicted appellant for solicitation to commit capital
murder in cause number 20030D05342 ("03"). (3) For nearly two years, the State and defense
filed numerous documents and conducted pre-trial litigation under that cause number. (4) The
State then re-indicted appellant in cause number 20050D04727 ("05"). On October 12, 2005,
the State read the new indictment with the new cause number in open court. Appellant pled
not guilty. Meanwhile both the State and defense continued to file documents under the "03"
cause number. (5) On October 21, 2005, the State filed an "Agreed Motion to Carry Over,"
noting that it had recently re-indicted appellant in a new cause number and asking the court
to allow the record from the old number to be carried over to the new number. The trial court
granted the motion and ordered that "all motions, notices, records, and orders from cause
number 20030D05342 should be carried over to cause number 20050D04727."

 Less than two weeks later, appellant was tried and convicted under the "05" cause
number. He was sentenced the next day, November 3, 2005. Appellant filed his pro se
notice of appeal that very day, mistakenly citing the "03" cause number. The Clerk notified
all parties that "it appears that the record is due February 07, 2006." On December 9, 2005,
over a month after the case was tried under the "05" cause number, the State filed a motion
to dismiss the "03" cause number because "[t]he case has been refiled: Reindicted as Cause
# 20050D04727." The trial court granted that motion. On the same day, the trial court
signed a certification of appellant's right of appeal, stating that appellant had the right to
appeal his conviction. This document was captioned "The State of Texas vs. Lawrence W.
Few," and listed yet a third cause number, 20050D05342. The State characterizes this
number as "wholly unrelated to any of appellant's pending or disposed criminal cases." But
the number was a combination of the two cause numbers-the first seven digits were the first
seven numbers of the "05" indictment, the last four were the last four numbers of the "03"
indictment. The certification was filed in the court of appeals on December 13, 2005.

 The court of appeals, noting the discrepancy between the numbers on the notice of
appeal and the certification of appeal (both of which were incorrect) ordered the trial court
"to conduct a hearing to determine [appellant's] status with regards to ability to hire an
attorney, and then, also, to determine which of the cases is, in fact, being appealed
20030D05342 or 20050D04727." 

 At this hearing, the prosecutor asked the trial court to refuse to certify a right to appeal
"any cause number that relates to Mr. Few" because 1) he cannot appeal a non-final case (the
"03" case); and 2) he is out of time to file a notice of appeal in the "05" case. Appellant
attributed his mistake to confusion because the indictment number was changed so late in the
process. The State then candidly noted that it was not sure of the effect of the carry-over
motion: "I don't know the effect of that, to be quite frank with the Court. Does that carry
over his notice of appeal later filed in the 2003? I don't know the answer to that." The trial
court then declared that the agreed-to carry-over motion, which was dated October 11, 2005,
was meant to carry over only those materials that were pending in the 03 file before or on the
date of the carry-over order. (6) "That's the intent of the order." At the end of hearing the trial
court stated its findings:

 The Court finds that the Defendant, Lawrence Few, actually filed his appeal
under cause number 20030D05342. That there is not a final conviction in that
cause number. That the cause number under which Mr. Few was convicted
was 20050D04727; that there is no notice of appeal. There is no right
to-certified by the Court to Mr. Few that he can appeal. So at this point, then,
I am not going to order the preparation of the transcript.

 Although the Court-if the Court of Appeals were to get there-does find
that he is indigent for purposes of the preparation of the transcript.

The State again brought up the carry-over motion, characterizing it as "retrospective":

Court: That's absolutely correct. The motion specifically requests that those
items already filed be carried over so as not to require the refiling of all
prior filed motions, notices, and record. It is limited to that. (7) 

 ***

Pro se defendant: Wouldn't that mean that the appeal, the notice of
appeal, would be retroactive?

Court: The date of that motion to carry over is October 21st, 2005.

Pro se Defendant: We filed that appeal on the last day of the trial, which was November
the [3rd].

Court: True. So that notice of appeal is not addressed by the order to carry
over motions. Thank you. 

Relying on the trial court's findings, the State filed a "Motion to Dismiss Appeal for Want
of Jurisdiction." The court of appeals did just that:

 Because Appellant filed his notice of appeal in the wrong cause number,
2003[0]D05342, and there is no final judgment or appealable order or a trial
court certification in that cause number, we dismiss this appeal for want of
jurisdiction. . . .

 Further, with regard to cause number 20050D04727, we conclude that
Appellant's filing in cause number 20030D05342 did not invoke this Court's
jurisdiction in order to appeal his conviction under cause number
20050D04727. (8)


II.


 

 The court of appeals concluded that it did not have jurisdiction over this case because
appellant had mistakenly written the wrong cause number on his notice of appeal just as the
trial court had mistakenly written the wrong cause number on his certification notice. For 
judges, defendants, and prosecutors, to err is human, but to repair is now possible. The
Texas Rules of Appellate Procedure were amended in 2002 to prevent trivial, repairable
mistakes or defects from divesting appellate courts of the jurisdiction to consider the merits
of both State and defense appeals in criminal cases. Defective notices of appeal may now
be amended "at any time before the appealing party's brief is filed[.]" (9)

 In this case, the court of appeals cited Steinecke v. State, (10) a case directly on point, but
one decided before Rule 25.2(f) was amended, effective January 1, 2003. In Steinecke, the
First Court of Appeals dismissed an appeal on precisely the same facts:

 Appellant, Jerry Steinecke, was indicted on two counts of the state jail felony
offense of endangering a child in cause number CR99-128. He was
subsequently re-indicted for the same offenses in cause number CR01-223,
which was tried to a jury. The jury found appellant guilty, and the trial court
assessed his punishment at two years confinement, probated for five years, and
a $500 fine. Appellant filed his notice of appeal in cause number CR99-128,
which had been dismissed on the State's motion. Because the notice of appeal
was filed in the wrong cause number, we conclude we must dismiss the appeal
for want of jurisdiction. (11)


Steinecke, in turn, relied on an earlier case, Stone v. State, (12) in which the defendant's notice
of appeal contained the cause number of a companion case that had not yet been tried. (13)

 The court of appeals in Stone, not finding any cases from this Court on point, turned
to a Texas Supreme Court case, Philbrook v. Berry. (14) In Philbrook, the supreme court held
that a motion for new trial filed in the wrong cause did not extend the court's plenary power
over its judgment beyond the thirty days prescribed by Tex. R. Civ. P. 329b(d). (15) In Stone,
the court of appeals noted that later Texas Supreme Court cases moved away from Philbrook
and its fidelity to rigid technicalities. However, "the cases limiting Philbrook's application
invoke the civil policy that 'decisions of the courts of appeals [should] turn on substance
rather than procedural technicality', a policy that the Court of Criminal Appeals has yet to
adopt, and most [of these cases] also invoke the 'bona fide attempt' rule, a rule specifically
rejected by the Court of Criminal Appeals." (16) The Stone court then concluded that "under
the Court of Criminal Appeals' strict application of the rules of appellate procedure, Stone's
motion for a new trial was filed in the wrong cause number and, so, was not sufficient to
extend the appellate timetable in this cause." (17)

 In 2002, the Corpus Christi Court of Appeals, in a State's appeal, differed with the
two earlier appellate courts on the effect of an incorrect cause number in the notice of appeal. 
In State v. Williams, (18) the State appealed a trial court's dismissal of its assault case against
the defendant for pre-indictment delay. (19) The State wrote the right cause number in the
header of its notice of appeal but the wrong cause number in the body of its notice. (20) The
court of appeals stated that while the cause number on the notice of appeal did not match that
shown on the case being appealed, that defect did not defeat its appellate jurisdiction: "We
read the notice of appeal as containing a clerical error that does not defeat our jurisdiction." (21) 

 All of these cases were decided before our opinion in Bayless v. State, (22) and before
the January 1, 2003, effective date of the amendments to the Rules of Appellate Procedure. 
Bayless "indicated that defects in notices of appeal should not be described as affecting
jurisdiction." (23) And the amended Rules bear out that indication. Rule 25.2(b) states, "In a
criminal case, appeal is perfected by timely filing a sufficient notice of appeal." And Rule
25.2(c)(2) states, "Notice is sufficient if it shows the party's desire to appeal from the
judgment or other appealable order[.]" Finally, Rule 25.2(f) permits "amending the notice." (24)
The rules thus "retain the requirement of notice of appeal. But they now permit amendment
to cure apparently any defects in notices of appeal." (25) As Professor Dix points out, in
Bayless and in the amended rules, this Court "functionally embraced an approach to
perfecting appeals and notice of appeal closer to that of the Texas Supreme Court." (26) The
Texas Supreme Court "decline[s] to elevate form over substance": (27)

 That Court has never wavered from the principle that appellate courts should
not dismiss an appeal for a procedural defect whenever any arguable
interpretation of the Rules of Appellate Procedure would preserve the appeal.
We have repeatedly held that a court of appeals has jurisdiction over any
appeal in which the appellant files an instrument in a bona fide attempt to
invoke the appellate court's jurisdiction. Our decisions reflect the policy
embodied in our appellate rules that disfavors disposing of appeals based upon
harmless procedural defects. Thus, we have instructed the courts of appeals to
construe the Rules of Appellate Procedure reasonably, yet liberally, so that the 
right to appeal is not lost by imposing requirements not absolutely necessary
to effect the purpose of a rule. (28)


 A person's right to appeal a civil or criminal judgment should not depend upon
tracking through a trail of technicalities. In former days, this Court was sometimes accused
of elevating form over substance in demanding technical perfection in the notice of appeal. 
Professor Dix attributes our past holdings to historical conditions:

 When trial judges rode circuit and held limited terms of court in various
counties, the preparation of the record for appeal had to be completed before
the court's term ended and the participants in the trial scattered. Timely notice
of appeal arguably served the necessary function of triggering this process.

 Conditions have, of course, changed considerably. Delayed or defective
notices of appeal are unlikely to contribute significantly to the difficulty of
preparing the appellate record or otherwise impede the appellate process. The
apparent rationale for a strict approach to notice of appeal requirement simply
no longer applies. (29)


 As societal conditions change, so do procedural requirements and rules. In this case,
however, the State, the trial court, and the court of appeals followed the old, strict procedural
rules instead of the modern, more liberal Rule 25.2 now in effect. Here, as in Williams, it is
apparent from the record that all parties knew that appellant timely expressed his desire to
appeal his conviction for solicitation to commit capital murder. As appellant points out:

 Everyone involved in the present case has effectively conceded actual
knowledge of exactly which conviction Appellant wanted to appeal. The
District Attorney's motion to dismiss sets out the procedural history of the case
with such particularity, and identifies Appellant's mistake with such
specificity, that there is no doubt of his awareness that Appellant intended to
appeal his conviction under a successor cause number to that with which he
labeled his notice of appeal. Likewise, the Court of Appeals candidly accepted
the District Attorney's description of the case in its opinion dismissing the
appeal, making it clear that the Court understood exactly which conviction
Appellant intended to challenge. While it might be possible to imagine some
scenarios in which a notice of appeal with the wrong cause number leaves
everyone in total ignorance of the defendant's intention, this case is not one of
them. And even if it were, it would be the obligation of the appellate court,
whether the Rules are strictly construed or not, to inquire first of the defendant,
before dismissing the case, which conviction it was in fact his intention to
appeal. (30)


 We hold that appellant's notice of appeal in this case was sufficient to invoke the
jurisdiction of the court of appeals. We conclude that the court of appeals was mistaken
when it dismissed appellant's appeal without first giving him a reasonable opportunity to
correct the defect in his notice of appeal. (31) We reverse the judgment of the court of appeals
and remand this case to that court for further proceedings consistent with this opinion.


Delivered: March 7, 2007

Publish

APPENDIX


08-21-03 Date of offense: criminal solicitation to commit capital murder.

11-13-03 Appellant indicted for solicitation to commit capital murder in cause number
20030D05342.


10-12-05 Appellant is read the indictment of the new cause number, 20050D04727, in
open court. He pleads not guilty.


10-21-05 The trial court grants the State's "Agreed Motion to Carry Over" and orders
that "all motions notices, records, and orders from cause number
20030D05342 should be carried over to cause number 20050D04727."


10-28-05 Trial in cause number 20050D04727 begins.


11-02-05 The jury finds appellant guilty.


11-03-05 The jury assesses punishment at 50 years, with a fine of $5,000, and appellant
is sentenced. Appellant files a pro se Notice of Appeal, mistakenly citing
cause number 20030D05342.


11-21-05 The Court of Appeals requests Finding of Facts and Conclusions of Law on
indigency status and on which case is being appealed.


12-04-05 The Clerk of the El Paso Court of Appeals notes that "it appears that the record
is due February 07, 2006."


12-09-05 The trial court grants the State's Motion To Dismiss Cause number
20030D05342 because the case "has been refiled as cause number
20050D04727." The trial court certifies that appellant has the right of appeal
in "cause number 20050D05342." [Sic]


02-08-06 The trial court holds a hearing and finds that appellant is indigent, but
concludes that he cannot appeal his conviction because he filed his notice of
appeal under a cause number for which there is not a final conviction.


02-28-06 The State files a Motion to Dismiss Appeal for Want of Jurisdiction based on
the trial's courts findings.


04-13-06 The El Paso Court of Appeals issues an opinion dismissing appellant's appeal
for lack of jurisdiction, because appellant cited cause number 20030D05342
instead of 20050D04727.


05-10-06 The court of appeals denies appellant's Motion for Rehearing.
1. Few v. State, No. 08-06-00005-CR, 2006 Tex. App. LEXIS 2994 (Tex. App.-El Paso
April 13, 2006) (not designated for publication).
2. We granted appellant's two grounds:

1. "Whether appellant's notice of appeal in this cause was sufficient in law to invoke the
jurisdiction of the court of appeals."

2. "Whether it was appropriate for the court of appeals to dismiss appellant's appeal without
first giving him a reasonable opportunity to correct defects in his notice of appeal."
3. See the Appendix at the end of this opinion for the chronology of relevant events.
4. The clerk's record under the "03" cause number is 412 pages long.
5. For example, on October 18, 2005, the State filed an attachment to its witness list under
the "03" cause number.
6. Significantly, no one asked appellant whether that is what he intended in the agreed-to
carry-over motion. By definition, all terms of an "agreed" motion must be agreed to by all
parties to the agreement.
7. The plain language of the motion and order does not state whether it applies only to
materials filed before the date of the motion or the trial court's order. The agreed motion to carry
over reads:


 The State prays that the Court will in all things allow all Motions, Notices,
Records, and Orders of record in Cause No. 20030D05342 be carried over into
Cause No. 20050D04727, without the necessity of either the State or the Defense
re-filing all such motions, notices, and records.


The signed Order states:


 IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that said motion
should be granted in all respects and that all motions, notices, records, and order from cause
number 20030D05342 should be carried over to cause number 20050D04727.
8. Few, 2006 Tex. App. LEXIS 2994, *3.
9. Tex. R. App. P. 25.2(f) (amended, effective January 1, 2003).
10. 81 S.W.3d 467 (Tex. App.-Houston [1st Dist.] 2002, no pet.).
11. Id. at 467.
12. 931 S.W.2d 394 (Tex. App.-Waco 1996, pet. ref'd).
13. Steinecke, 81 S.W.3d at 468.
14. 683 S.W.2d 378 (Tex. 1985).
15. Stone, 931 S.W.2d at 396.
16. Id.
17. Id.
18. 90 S.W.3d 913 (Tex. App.-Corpus Christi. 2002, no pet.). 
19. Id. at 916-17. 
20. Id. at 916.
21. Id. at 917. 
22. 91 S.W.3d 801 (Tex. Crim. App. 2002).
23. 43A George E. Dix & Robert O. Dawson, Criminal Practice and Procedure §
43.257 at 192-93 (2d ed. Supp. 2005) (Dix & Dawson). 
24. Rule 25.2(f) provides: 

 Amending the notice or certification. An amended notice of appeal or trial court's
certification of the defendant's right of appeal correcting a defect or omission in
an earlier filed notice or certification may be filed in the appellate court in
accordance with Rule 37.1, or at any time before the appealing party's brief is
filed if the court of appeals has not used Rule 37.1. The amended notice or
certification is subject to being struck for cause on the motion of any party
affected by the amended notice or certification. After the appealing party's brief is
filed, the notice or certification may be amended only on leave of the appellate
court and on such terms as the court may prescribe.

Rule 37.1 provides: 

 On Receiving the Notice of Appeal. If the appellate clerk determines that the
notice of appeal or certification of defendant's right of appeal in a criminal case is
defective, the clerk must notify the parties of the defect so that it can be remedied,
if possible. If a proper notice of appeal or certification of a criminal defendant's
right of appeal is not filed in the trial court within 30 days of the date of the
clerk's notice, the clerk must refer the matter to the appellate court, which will
make an appropriate order under this rule or Rule 34.5(c)(2).
25. Dix & Dawson, § 43.251a at 192 (2d ed. Supp. 2005). 
26. Id. § 43.252 at 192-93.
27. Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).
28. Id. at 616-617 (cites and footnote omitted). Since Verburgt, the civil notice of appeal
rule has been changed and now requires that the notice must "identify the trial court and state the
case's trial court number and style." Rule 25(1)(d)(1). But this requirement is not jurisdictional. 
See In the Interest of K.A.F., 160 S.W.3d 923, 927 (Tex. 2005) (citing Verburgt and "the
well-settled proposition that a court of appeals has jurisdiction over an appeal if the appellant
timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"). 
29. Dix, & Dawson, § 43.252 at 548 (2d ed. 2001).
30. Appellant's Brief at 8-9 (cites omitted). 
31. Tex. R. App. P. 25.2(f) & 37.1.