TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00583-CR







Lawrence William Moore, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0951314, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







 A jury found appellant Lawrence William Moore guilty of the offense of aggravated
robbery with a deadly weapon. See Tex. Penal Code Ann. § 29.03 (West 1994). Appellant's
punishment, enhanced by two prior felony convictions, was assessed by the trial court at imprisonment for
twenty-five years.

 On appeal, appellant presents two points of error in which he alleges the trial court erred
in failing to grant his motion to dismiss the indictment and the prosecution of the case. The alleged ground
for dismissal was undue delay between the commission of the offense and the initiation of the prosecution. 
Appellant asserts that this delay denied him federal and state constitutional rights to due process and due
course of law. U.S. Const. amend. V; Tex. Const. art. I, § 19; Tex. Code Crim. Proc. Ann. art 1.04
(West 1977). We will overrule appellant's points of error and affirm the judgment of the trial court.

 The limit on preindictment delay is usually set by the statute of limitations. United States
v. Ewell, 383 U.S. 116, 122 (1966); United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996);
United States v. Benson, 846 F.2d 1338, 1340-41 (11th Cir. 1988). But the Due Process Clause may,
in some circumstances, bar an indictment even when the indictment is brought within the limitation period. 
United States v. Marion, 404 U.S. 307, 324 (1971). The Due Process Clause of the Fifth Amendment
would require the dismissal of an indictment if it were shown that the preindictment delay caused substantial
prejudice to a defendant's right to a fair trial and that the delay was an intentional device to gain tactical
advantage over the accused. Id. at 324. Investigative delay does not deprive a defendant of due process
even if his defense might have been somewhat prejudiced by the lapse of time. United States v. Lovasco,
431 U.S. 783, 796 (1977). When prosecution is not barred by the statute of limitations, dismissal for
preindictment delay requires an appropriate showing not only of prejudice but also that the prosecution
purposely delayed the indictment to gain tactical advantage or other bad faith purpose. United States v.
Crouch, 84 F.3d 1497, 1500 (5th Cir. 1996) (rehearing en banc). In addition to preindictment delay,
a defendant, to show a deprivation of his due process rights, must prove that the delay was intentional to
give the State a tactical advantage over him. Spence v. State, 795 S.W.2d 743, 750 (Tex. Crim. App.
1990); Bevers v. State, 811 S.W.2d 657, 664-65 (Tex. App.--Fort Worth 1991, pet. ref'd). It is
extraordinarily difficult to show prejudice arising from a delay in an indictment that falls within the applicable
statute of limitations period. United States v. Martinez, 77 F.3d 332, 335-37 (9th Cir. 1996). It has
been held that due process was not denied a defendant when the federal prosecution was delayed for a
year until the defendant had been convicted in a state court resulting in a record that defendant claimed
"would doom him as an armed career criminal." United States v. Sparks, 87 F.3d 276, 279 (9th Cir.
1996). Federal due process and state due course of law have been held to give a defendant identical
protection on a claim of undue preindictment delay. State v. Kuri, 846 S.W.2d 459, 471 (Tex.
App.--Houston [14th Dist.] 1993, pet. ref'd).

 The facts of this case reveal that Stephanie Murphy, a University of Texas student, studied
in the library until late at night on March 6, 1991. She left the library to return to her apartment. At about
11:30 p.m., in the apartment parking lot, she was robbed at gunpoint by a man who then fled. She
summoned the police to the scene of the robbery. The victim described the robber and told the officers
that the robber had opened her car door. The investigating officers found a fingerprint on the car door
latch.

 At the time of the robbery, the Austin Police Department had a fingerprint identification
system capable of matching unidentified fingerprints with those in the database. Appellant's fingerprints
were in that database. Whether an attempt was made soon after the robbery to find a match for the
fingerprints removed from the car was not confirmed because records of earlier entries into the fingerprint
identification system were destroyed in 1993. By June of 1993, the Texas Department of Public Safety
provided the Austin Police Department with a terminal to use its automated fingerprint identification system. 
On February 6, 1995, an employee of the Austin Police Department entered into the system the latent
fingerprint from the unsolved robbery and found that it matched the fingerprint in the database of Lawrence
W. Moore. The system used had been available since 1993.

 After the fingerprint found on the door latch was matched with the fingerprint of Moore,
investigating officers located the victim of the robbery. A photographic line-up was prepared and shown
to the victim. She identified Moore as the robber. At the trial, the victim identified appellant as the robber. 
Evidence was also admitted that the fingerprint found on the door latch matched that of appellant taken on
the day of the trial.

 Before trial, appellant filed and the trial court heard evidence on the motion to dismiss the
indictment and the prosecution against appellant because of undue preindictment delay. After hearing the
evidence offered on the motion, the trial court refused to dismiss the indictment and proceeded with the
trial. Almost four years elapsed between the commission of the offense and the initiation of the prosecution. 
Appellant offered evidence that between February 27th and March 14th, 1991, he was twenty-two years
of age and lived with his grandmother in her house. At that time, appellant's grandmother was in good
health and had a good memory. She could have testified that appellant did not have a key to her house and
that she locked the doors every night between 10:00 and 11:00 p.m. She could have testified that appellant
was always in her house before 11:00 p.m. Therefore, at that time appellant contends his grandmother
could have testified and "could have potentially shown that he was not at the scene of the alleged attack." 
Appellant would have offered his grandmother's testimony to prove his alibi. However, during the four
years the State delayed before obtaining the indictment, appellant's grandmother suffered a stroke and
severe memory loss. Appellant was, he says, therefore deprived of his alibi defense by the preindictment
delay.

 Appellant urges that we follow the holdings of United States v. Townley, 665 F.2d 579
(5th Cir. 1982) and United States v. Crouch, 51 F.3d 480 (5th Cir. 1995). He argues that the facts in
this case "are quite similar, if not identical, to Crouch." Ten days after appellant's brief was filed in this
Court, the United States Court of Appeals for the Fifth Circuit delivered its en banc opinion on rehearing
in Crouch. United States v. Crouch, 84 F.3d 1497 (5th Cir. 1996). In that case, the fifteen-judge
majority overruled the earlier panel decision upon which appellant relies. The majority en banc opinion
summarized its holdings:


We reject the Townley balancing test and hold that where an indictment is returned within
the statute of limitations, preindictment delay does not violate due process unless that
delay, in addition to prejudicing the accused, was intentionally brought about by the
government for the purpose of gaining some tactical advantage over the accused in the
contemplated prosecution or for some other bad faith purpose.



United States v. Crouch, 84 F.3d at 1523.


 Without deciding whether appellant has shown he was substantially prejudiced by the
preindictment delay, we conclude he has failed to show the preindictment delay was brought about by the
State for the purpose of gaining some tactical advantage over the accused or for some other bad faith
purpose. Appellant's first point of error is overruled.

 Appellant presents a separate point of error asserting a violation of his state due course of
law rights. Tex. Const. art. I, § 19. See Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991). 
However, appellant provides virtually no distinct analysis or argument suggesting why the state due course
of law provision should give him more rights than his federal due process rights. See Muniz v. State, 851
S.W.2d 238, 251-52 (Tex. Crim. App. 1993); Ex parte Anderson, 902 S.W.2d 695, 700-01 (Tex.
App.--Austin 1995, pet. ref'd). Appellant suggests we hold that a showing of reckless or negligent
preindictment delay would suffice to show a violation of state due course of law, even though preindictment
delay must be intentional and for the purpose of gaining tactical advantage to show a violation of federal
due process. We reject his suggestion. The standards required to show a violation of federal due process
rights caused by preindictment delay, we find, are sound and well-reasoned in the cases we have cited. 
These standards are persuasive and we hold it is appropriate to apply them to the due course of law
provision of the Texas Constitution in connection with preindictment delay. Accord, State v. Kuri, 846
S.W.2d at 471. Appellant's second point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Dally*

Affirmed

Filed: March 27, 1997

Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



 could have testified that appellant
was always in her house before 11:00 p.m. Therefore, at that time appellant contends his grandmother
could have testified and "could have potentially shown that he was not at the scene of the alleged attack." 
Appellant would have offered his grandmother's testimony to prove his alibi. However, during the four
years the State delayed before obtaining the indictment, appellant's grandmother suffered a stroke and
severe memory loss. Appellant was, he says, therefore deprived of his alibi defense by the preindictment
delay.

 Appellant urges that we follow the holdings of United States v. Townley, 665 F.2d 579
(5th Cir. 1982) and United States v. Crouch, 51 F.3d 480 (5th Cir. 1995). He argues that the facts in
this case "are quite similar, if not identical, to Crouch." Ten days after appellant's brief was filed in this
Court, the United States Court of Appeals for the Fifth Circuit delivered its en banc opinion on rehearing
in Crouch. United States v. Crouch, 84 F.3d 1497 (5th Cir. 1996). In that case, the fifteen-judge
majority overruled the earlier panel decision upon which appellant relies. The majority en banc opinion
summarized its holdings:


We reject the Townley balancing test and hold that where an indictment is returned within
the statute of limitations, preindictment delay does not violate due process unless that
delay, in addition to prejudicing the accused, was intentionally brought about by the
government for the purpose of gaining some tactical advantage over the accused in the
contemplated prosecution or for some other bad faith purpose.



United States v. Crouch, 84 F.3d at 1523.