Opinion filed October 5, 2006


















 
 
  
 
 







 
 
  
 
 




Opinion filed October 5, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00038-CR 

                                                    __________

 

                                WILLIE MARION MCGEE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. B-31,355

 



 

                                                                   O
P I N I O N

 

Willie Marion McGee appeals his conviction by a
jury of the offense of robbery.  The
jury, following McGee=s
plea of true to an enhancement paragraph, assessed his punishment at eleven
years in the Texas Department of Criminal Justice, Institutional Division.  He contends in four points of error that he
was denied due process of law under the Fifth and Fourteenth Amendments to the
United States Constitution and under Article I, section 19 of the Texas
Constitution when the State lost or destroyed critical evidence and failed to
notify the defense that it lost or destroyed critical evidence.  We affirm.








Melissa Butts, a patrol officer with the Odessa
Police Department, testified that she encountered the complainant in the
parking lot of a Wal-Mart store. 
According to Officer Butts, the complainant related that someone came up
and grabbed her purse, pushed her up against her car, and injured her left
shoulder.  Two witnesses identified McGee
as an individual whom, on the occasion in question, they saw running through
the parking lot carrying a purse.

Rick Henegar, a sergeant with the Odessa Police
Department, testified that he was a detective at the time of this offense.  He indicated that he went to Wal-Mart and
reviewed a security tape from the evening in question.  He stated that the tape did not show any
faces and that it showed nothing other than a person running to a car and then
leaving.  He insisted that he did not
know what happened to the tape.  When he
was asked whether the defense could perhaps have had the tape enhanced, he
replied, AI don=t know. 
I guess you could have.@  Later, he indicated that the tape was very
poor quality, so he did not know if it could have been enhanced.  Sergeant Henegar acknowledged that he knew
about enhancement equipment and that a tape could be put on some other format
and things brought out.  He further
acknowledged that, if the tape could have been enhanced, it could show whether
McGee did or did not commit the offense. 
He insisted that he was not an expert in enhancing poor-quality
tapes.  He stated that in his opinion he
would not think that the particular security tape in question could be made any
clearer.  McGee presented a motion for
mistrial based on the State=s
failure to preserve the tape and its failure to disclose the existence of the
tape.








McGee contends in point one that he was denied due
process of law under the Fifth and Fourteenth Amendments of the United States
Constitution due to lost or destroyed evidence. 
The tape in question was not shown to be exculpatory but, rather,
evidence that was potentially exculpatory. 
Failure to preserve potentially useful evidence is not a denial of due
process of law unless a criminal defendant can show bad faith on the part of
the police.  Arizona
v. Youngblood, 488 U.S.
51, 58 (1988).  Neither in his motion for
mistrial, nor the discussion in connection with the motion, does McGee suggest
that the State acted in bad faith in failing to preserve the tape.  In support of his contention on appeal that
Sergeant Henegar acted in bad faith, McGee notes that Sergeant Henegar did not
preserve the tape as evidence; that he knew about enhancement but did not
request it; that he knew the tape, even without a clear view of faces, could be
used to establish the ability of witnesses to identify a suspect so that its
value for impeaching identification witnesses was clear; that he destroyed his
field notes and failed to mention the existence of the tape either in his
reports or to the district attorney; and that no police procedures were cited
in the destruction or disappearance of the tape.

The burden was on McGee to show that Sergeant
Henegar acted in bad faith.  He presented
no evidence that Sergeant Henegar was not following police procedures in
failing to preserve the tape, including any failure to maintain his field notes
or to mention it to the district attorney, in view of Sergeant Henegar=s determination that the tape was not
useful as evidence.  While Sergeant
Henegar was aware of enhancement and what it might do in some cases, he
expressed his opinion that it would not make the tape in question any
clearer.  McGee suggests that the tape
would have been helpful in showing where the various witnesses were, the height
of the complainant=s
assailant by comparison to the witnesses, and the length of time that the
witnesses had to observe the assailant. 
Although Sergeant Henegar at trial acknowledged that the location of the
witnesses, the distances they ran, and time Athey
disappeared off the camera@
could be determined by the tape even though the faces were unclear, we hold
that this evidence showed negligence, if any, on the part of the officer in failing
to preserve the tape, not bad faith. 
Because we hold that McGee failed to show bad faith on the part of
Sergeant Henegar, we overrule point one.

McGee urges in his second point of error that he
was denied due process of law under the Fifth and Fourteenth Amendments of the
United States Constitution when the State failed to notify him of the loss or
destruction of critical evidence.  In
such a situation, the three-part test used to determine whether a prosecutor=s actions have violated due process is
whether the prosecutor (1) failed to disclose evidence (2) favorable to the
accused and whether (3) the evidence is material, meaning there is a reasonable
probability that, had the evidence been disclosed to the defense, the result of
the proceeding would have been different. 
Little v. State, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999).  Inasmuch as there was no showing that the
tape in question was favorable to the accused or that there was a reasonable
probability that the result could have been different had the evidence been
disclosed to the defense, we overrule point two.








McGee asserts in points three and four that he was
denied due course of law under Article I, section 19 of the Texas Constitution
when the State lost or destroyed critical evidence.  Relying on the Tennessee case of State v.
Ferguson, 2 S.W.3d 912 (Tenn. 1999), he suggests that, rather than
requiring that he show bad faith on the part of the State in destroying
potentially useful evidence, we should employ a balancing test by considering
the degree of negligence involved, the significance of the destroyed evidence
considered in light of the probative value and reliability of secondary
evidence that remains available, and the sufficiency of the other evidence used
at trial to support the conviction.  2
S.W.3d at 917.  He states that, if we
conclude that without the missing evidence the trial was fundamentally unfair,
we are to fashion whatever remedy we deem appropriate, up to and including
dismissal.  See id.

We have a duty to interpret the Texas Constitution
independently of the interpretations of federal courts.  Hulit v. State, 982 S.W.2d 431, 436-37
(Tex. Crim. App. 1999).  The protections
afforded by the state constitution may be lesser, greater, or the same as those
of the federal constitution.  Id. at 437.  However, we find that the standards required
to show a violation of federal due process rights caused by the loss or
destruction of evidence and by the failure to give the defense notice of such
loss or destruction are sound and well reasoned in the cases cited.  Accordingly, we hold it is appropriate to
apply them to the due course of law provision of the Texas Constitution in
connection with those same issues.  See
Moore v. State, 943 S.W.2d 127, 129-30 (Tex. App.CAustin
1997, pet. ref=d)
(applying federal due process standards in connection with preindictment delay
to the due course of law provision of the Texas Constitution).

McGee places primary reliance on the case of Pena
v. State, 166 S.W.3d 274 (Tex. App.CWaco
2005), vacated, 191 S.W.3d 133 (Tex. Crim. App. 2006).  In Pena, the Tenth Court of Appeals
rejected the Youngblood test and adopted the balancing test now proposed
by McGee.  Id. at 282.  After McGee=s
brief was filed, the Texas Court of Criminal Appeals reversed because the Tenth Court had
taken up the issue on its own, without affording the parties the opportunity to
file supplemental briefs.  Pena v.
State, 191 S.W.3d 133 (Tex.
Crim. App. 2006).








McGee also relies on a number of cases, including Ex
parte Richardson,
70 S.W.3d 865 (Tex. Crim. App. 2002); Ex parte Mowbray, 943 S.W.2d 461
(Tex. Crim. App. 1996); and Ex parte Mitchell, 853 S.W.2d 1 (Tex. Crim.
App. 1993).  We find these cases to be
distinguishable because in each case it was found that the evidence in question
was favorable to the defendant and that its unavailability created a
probability sufficient to undermine confidence in the result of the trial.  Richardson,
70 S.W.3d at 872-73; Mowbray, 943 S.W.2d at 466; Mitchell, 853
S.W.2d 1, 4, 6.  We have held that the
lost tape was at best only potentially favorable to the defendant and that it
did not create a probability sufficient to undermine confidence in the result
of the trial.  We overrule points three
and four.

The judgment is affirmed.

 

JOHN G. HILL

JUSTICE

 

October 5, 2006

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.